JAY CREMER, Plaintiff-Appellant, v. CITY OF MACOMB BOARD OF FIRE AND POLICE COMMISSIONERS *et al.*, Defendants-Appellees.

Third District    No. 3—93—0647

Opinion filed April 14, 1994.

Marcia F. Straub, of Peoria, for appellant.

Lucie & Carper, of Macomb (Jim D. Lucie, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The defendant, City of Macomb Board of Fire and Police Commissioners (Board), refused to hire the plaintiff, Jay Cremer, as a firefighter because he allegedly failed a mental examination administered after he was placed on the eligibility list. The plaintiff sued the Board and the City of Macomb, alleging that this action violated his statutory rights under the Illinois Municipal Code (65 ILCS 5/10—2.1—1 *et seq.* (West 1992)). The plaintiff's claims against the City of Macomb were dismissed and the City is not involved in this appeal. The Board moved to dismiss the plaintiff's complaint for failure to state a cause of action. The trial court granted the Board's

motion and further ruled that the Board properly withheld from the plaintiff the results of the mental examination. We hold that the plaintiff has stated a cause of action for failure to follow the hiring procedures outlined in the Illinois Municipal Code.

The plaintiff's first amended complaint alleged that the plaintiff successfully completed the written, oral, physical and mental examinations conducted by the Board and was placed second on the eligibility list posted by the Board. It further alleged that when a vacancy arose, the Board required the plaintiff to submit to a second mental examination. On the basis of the second mental examination, the Board refused to hire the plaintiff for the firefighter vacancy and struck his name from the eligibility list. Finally, the complaint alleged that the Board refused to provide the plaintiff with the results of the second mental examination and thus deprived him of his right to a fair and meaningful hearing before the Board.

The first issue on appeal is whether the plaintiff's complaint states a cause of action.

Section 10—2.1—14 of the Illinois Municipal Code provides that the Board must keep a list of persons who have passed the examination for positions as firefighters and who are otherwise eligible. (65 ILCS 5/10—2.1—14 (West 1992).) This section further provides that appointment to a vacancy "shall be subject to a final physical examination." (65 ILCS 5/10—2.1—14 (West 1992).) The posting of an eligibility list carries legal significance. (*People ex rel. Gaynor v. Board of Fire & Police Commissioners* (1957), 14 Ill. App. 2d 329, 144 N.E.2d 763.) While it does not give a candidate a vested right to a position, it does give the candidate standing to assert that the procedure created by the statute has not been followed. *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 430 N.E.2d 636.

■ In the case at bar, the plaintiff alleged that he was placed on the eligibility list for the position of firefighter with the City of Macomb. Thus, he may challenge any alleged failure to follow the statutory procedure for the appointment of firefighters. He alleges that such a failure occurred because he was ordered to take a second mental examination when the statute calls only for a final physical examination. Therefore, it is clear that the plaintiff is asserting a failure to follow the statutory procedures to which he is entitled by virtue of his placement on the eligibility list. Based on this, we hold that the plaintiff has stated a cause of action.

The final issue is whether the Board must produce for the plaintiff the results of the second mental examination.

The trial court decided that the plaintiff was not entitled to the

results of the mental examination based on *Roulette v. Department of Central Management Services* (1986), 141 Ill. App. 3d 394, 490 N.E.2d 60. In *Roulette* the plaintiff brought an action under the Freedom of Information Act (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201 *et seq.*) in an effort to learn the results of a psychological examination given to him pursuant to his application for a position as a police officer. The court held that the examination results were exempt from disclosure under the Act.

*Roulette* is distinguishable from the case at bar because that decision was based on the Freedom of Information Act. That act is concerned with making government records available to the public. The plaintiff here is not claiming that the results of his examination should be made public. Further, it is the duty of the court to "protect the rights of applicants for employment and to make certain that denial of employment is predicated upon proper legal principles." (*Murbach v. Anderson* (1981), 96 Ill. App. 3d 1015, 1019, 422 N.E.2d 41, 44.) If the Board were allowed to withhold the results of the plaintiff's examination, the court could not fulfill this duty.

■ Section 3—108 of the Administrative Review Law provides that the Board must file an answer to the plaintiff's complaint which consists of the "entire record of proceedings" before the Board including the evidence heard by it. (735 ILCS 5/3—108(b) (West 1992).) Since the results of the plaintiff's examination were part of the evidence before the Board, we hold that those results must be provided to the plaintiff as part of the Board's answer.

Accordingly, the judgment of the circuit court of McDonough County is reversed and the cause is remanded with directions to proceed according to this opinion.

Reversed and remanded with directions.

LYTTON and STOUDER, JJ., concur.