FIFTH DIVISION
November 6, 2009

No. 1-08-1835

| | | |
|---|---|---|
| CHARLES W. KOPCHAR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 08 MR 292 |
| | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | The Honorable |
| Corporation, and HUMAN PERFORMANCE | ) | William O. Maki, |
| SYSTEMS, INC., a Foreign Corporation, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE TOOMIN delivered the opinion of the court:

We are asked to determine whether section 7 of the Freedom of Information Act (FOIA) (5 ILCS 140/7 (West 2006) requires disclosure of the criteria or standards used to evaluate the physical abilities tests administered to firefighter applicants. We hold it does not.[1] Plaintiff brought claims against the City of Chicago (City) and its outside testing administrator, Human Performance Systems, Inc. (HPS), alleging that HPS had misrepresented the results of plaintiff's performance in a firefighter's physical abilities test that it administers for the Chicago Fire Department, and that the City had refused to honor FOIA requests for copies of criteria or standards used to evaluate physical abilities tests administered to firefighter applicants. Plaintiff

---

[1] We previously filed a Rule 23 order, which we withdrew upon the City's motion to publish and plaintiff's concurrence in same. Our opinion is essentially unchanged, with the exception of addressing concerns raised in plaintiff's petition for rehearing, which we denied.

also sought a mandatory injunction against the City to compel a second opportunity to take the test or, alternatively, a position in the Firefighter's Academy. The circuit court dismissed the claims against HPS, finding that because it performed a quasi-judicial function it had absolute immunity from suit and dismissed the claim for injunctive relief against the City, concluding that plaintiff had failed to show a clear right to relief. Summary judgment was subsequently entered on the FOIA claims and plaintiff now appeals. For the following reasons, we affirm.

BACKGROUND

On June 5, 1995, plaintiff filed an application with the City of Chicago for the position of firefighter with the Chicago Fire Department. Shortly thereafter, plaintiff took a written examination, which he passed. Over 10 years later, on March 30, 2006, the City informed plaintiff by mail that he should fill out a card to participate in the next phase of testing, the physical abilities test. Plaintiff returned the card and on May 23, 2006, he participated in the physical abilities test. However, on June 9, 2006, plaintiff was notified that he did not achieve a passing score on the test and would no longer be considered for the position.

In turn, plaintiff sent a letter to Patricia Ciara, who was then the director of personnel of the Chicago Fire Department, stating that he believed the test result was in error, that he was in excellent physical condition, and requesting a review of the results pursuant to the Freedom of Information Act. Thereafter, Ciara informed plaintiff that the testing consultant reviewed the results and found no error in the calculation of the results.

On November 29, 2006, plaintiff sent a FOIA request to the Chicago Fire Department (CFD), requesting "[t]he test results of the Firefighter Physical Abilities Test" and "the criteria

that the Department uses to determine pass/fail." On December 6, 2006, the Department denied his request pursuant to FOIA exemption section 7(1)(j). 5 ILCS 140/7(1)(j) (West 2004).

On December 12, 2006, gave notice to the City's law department, appealing the denial of his FOIA request. In response, the law department notified plaintiff that it would provide him his test score, and attached a copy of the Firefighter's Physical Abilities Test Guide, which described the tasks covered by the test, but upheld the denial of the other information plaintiff requested, pursuant to FOIA exemption section 7(1)(j). On January 12, 2007, the law department provided plaintiff his cumulative physical abilities test score, which was "487." However, no further interpretive information was provided.

Thereafter, plaintiff forwarded another FOIA request to the City seeking the identity of the independent contractor that administered the test, and "[t]he expected standards that the Fire Department requires of Firefighter Applicants to pass the Physical Abilities Test." Having received no response, on February 5, 2007, plaintiff sent an appeal letter to the City. On February 15, 2007, the City identified the independent contractor that administered the test, HPS, and directed plaintiff to a website where he could find further information. The City also noted it had already provided plaintiff with a copy of the Firefighter Physical Abilities Test Guide and, to the extent he requested other materials, that request was denied pursuant to FOIA exemptions section 7(1)(j) and section 7(1)(w). 5 ILCS 140/7(1)(j), 7(1)(w) (West 2006). The letter further stated that it was a final denial, and thereafter plaintiff would have to seek judicial review of the City's determination.

On April 4, 2007, plaintiff filed the instant suit against the City of Chicago, the fire

department, and HPS. Count I of plaintiff's original complaint alleged a cause of action based on the Act for the City's refusal to provide the testing standards to verify the City's assertion that he failed the test. Count II alleged that HPS and/or the City, either negligently or intentionally misreported the test results and sought injunctive relief against the City compelling either retesting after being provided with the test criteria or, in the alternative, admission to the Firefighter's Academy and backpay for the period of time he was denied the position.

The City moved to dismiss count I pursuant to pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2006)), maintaining that the complaint was legally deficient because plaintiff failed to allege that he exhausted his administrative remedies and did not attach his FOIA request. The City also moved to dismiss count II pursuant to both sections 2-615 and 2-619 (735 ILCS 5/2-615, 2-619 (West 2006)), for failure to allege a clearly ascertainable right or irreparable harm. HPS moved to dismiss, alleging that because it performed a quasi-judicial function it was cloaked with absolute immunity from suit. Thereafter, the court entered an order dismissing plaintiff's claim for a mandatory injunction, and dismissing all claims against HPS with prejudice. The CFD was dismissed by agreement of the parties.

Pursuant to the dismissal order, plaintiff was allowed to amend count I brought under the FOIA. However, the City filed a motion for more definitive statement, and by agreed order, plaintiff was given leave to file a second amended complaint. Plaintiff's second amended complaint alleged two counts against the City for the denial of plaintiff's FOIA requests. In turn, the circuit court entered a final order granting the City's motion for summary judgment, finding that the information requested fell within the exemptions, specifically section 7(1)(j). Plaintiff

4

appeals the order dismissing count II of his original complaint against the City and dismissing HPS, as well as the final order granting summary judgment on his FOIA claims.

ANALYSIS

Plaintiff first contends that the circuit court erred in finding that his FOIA requests for the firefighter physical testing and scoring criteria fell within the FOIA's exemptions. As the issue of whether plaintiff's requests are exempt from disclosure under the FOIA is a matter of statutory construction, and because we are reviewing a grant of summary judgment, our review is *de novo*. *Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 404, 910 N.E.2d 85, 91 (2009). Summary judgment is appropriate where the pleadings, depositions, affidavits, and admissions on file, when viewed in the light most favorable to the nonmoving party, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2006).

We have previously determined that the purpose of the FOIA is to open governmental records to the light of public scrutiny. *BlueStar Energy Services, Inc. v. Illinois Commerce Comm'n*, 374 Ill. App. 3d 990, 994, 871 N.E.2d 880 (2007). Although the FOIA outlines several exemptions to disclosure, those exemptions are read narrowly. *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73, 902 N.E.2d 1144, 1147 (2009), citing *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407, 680 N.E.2d 374, (1997). "Thus, when a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions set forth in section 7 of the Act applies.*" Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463, 791 N.E.2d 522, 527 (2003). If the

public body contesting disclosure can prove that a requested document falls within a category specifically enumerated in FOIA section 7, "the document shall be *per se* exempt from inspection and copying and 'no further inquiry by the court is necessary.' " *Chicago Alliance for Neighborhood Safety v. City of Chicago*, 348 Ill. App. 3d 188, 199, 808 N.E.2d 56, 64 (2004), quoting *Lieber*, 176 Ill. 2d at 408, 680 N.E.2d at 377. Under the *per se* analysis, any documents that fit within one of the specifically enumerated statutory exemptions are absolutely exempt from disclosure. *Copley Press, Inc. v. Board of Education*, 359 Ill. App. 3d 321, 324, 834 N.E.2d 558, 561 (2005). Thus, we turn to an analysis of the FOIA.

The FOIA specifically exempts "[t]est questions, scoring keys and other examination data used to administer an academic examination or determine the qualifications of an applicant for a license or employment." 5 ILCS 140/7(1)(j) (West 2006). As the parties acknowledge, the only reported case analyzing exemption section 7(1)(j) is *Roulette v. Department of Central Management Services*, 141 Ill. App. 3d 394, 490 N.E.2d 60 (1986). In *Roulette*, the plaintiff subpoenaed two records that were part of his application for state employment: an interviewing psychologist's handwritten notes from his interview with plaintiff and his evaluation. *Roulette*, 141 Ill. App. 3d at 395-96, 490 N.E.2d at 61. Although the trial court ordered the production of this material to plaintiff, the psychologist refused to comply and was subsequently found in contempt and sentenced. *Roulette*, 141 Ill. App. 3d at 396, 490 N.E.2d at 61. We reversed, holding the documents requested were exempt pursuant to exemption section 7(j) of the FOIA. *Roulette*, 141 Ill. App. 3d at 401, 490 N.E.2d at 64.

In the instant appeal, plaintiff challenges the applicability of exemption section 7(j),

because the test at issue was a physical test, as opposed to a written or psychological examination. Absent any supporting authority, plaintiff avers that section 7(j)'s exemption does not apply because a physical test is a distinct category from academic or psychological testing. We disagree and find the case at bar is indeed controlled by *Roulette*, which made no such distinction between physical, academic or psychological testing. In *Roulette*, we found that nondisclosure was consistent with the legislative intent and the statutory scheme of exemptions under the FOIA, and that disclosure would undermine the effectiveness of the defendant's hiring process and disrupt the work of a public agency independent of a right in the public to acquire information. *Roulette*, 141 Ill. App. 3d at 397-99, 490 N.E.2d at 62-63.

Also, the primary objective when construing the meaning of a statute is to ascertain and give effect to the legislature's intent beginning with the language of the statute, which is the most reliable indicator of the legislature's objectives in enacting a particular law. *Chicago Alliance for Neighborhood Safety*, 348 Ill. App. 3d at 199-200, 808 N.E.2d at 65. Where the language of a statute is clear and unambiguous, we give the terms their plain and ordinary meaning without resort to extrinsic aids to construction. *Copley Press, Inc.*, 359 Ill. App. 3d at 324, 834 N.E.2d at 561, citing *Lulay v. Lulay*, 193 Ill. 2d 455, 466, 739 N.E.2d 521, 527 (2000). "Further, in construing a statute, a court is not at liberty to depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express." *Lulay*, 193 Ill. 2d at 466, 739 N.E.2d at 527.

The salutary thrust of section 7(j) expressly exempts "[t]est questions, scoring keys *and other examination data* used to administer an academic examination *or determine the*

7

*qualifications* of an applicant for a license or employment." (Emphasis added.) 5 ILCS 140/7(1)(j) (West 2006). We note the use of the disjunctive "or," which clearly does not limit the scope of the exemption to academic examinations. The plain language of the statute includes "other examination data" used to "determine the qualifications" of an applicant. Consistent with *Roulette*, we find that the results of the physical test for admission to the fire department fall squarely within the exemption of "other examination data" used to determine the qualifications of an applicant for a license or employment.

In plaintiff's petition for rehearing, which we denied, plaintiff boldly asserted that "this vague phrase has been deleted from the version of Section 7(1)(j) in the recently amended version of FOIA which will take effect on January 1, 2010." Plaintiff included no citation for this assertion. However, in our own review of the legislative changes to this provision, the only amendment to this FOIA provision, which becomes effective on January 1, 2010, is Public Act 96-261, which merely adds a different subsection. See Pub. Act 96-261, eff. January 1, 2010. Contrary to plaintiff's representation to this court, section 7(j) remains completely unchanged and still exempts "[t]est questions, scoring keys and other examination data used to administer an academic examination or determined the qualifications of an applicant for a license or employment." Pub. Act 96-261, eff. January 1, 2010. We further find no other amendments to this statute which delete the phrase "and other examination data." Thus, the legislative intent is clear, and plaintiff's self-serving attempt to fabricate a legislative enactment borders on sanctionable.

Further, relying on the statements in *Roulette* concerning motives of ferreting out public

malfeasance (see *Roulette*, 141 Ill. App. 3d at 398, 490 N.E.2d at 62), plaintiff makes vague sweeping generalizations regarding the City's alleged history of questionable hiring practices, and sensationalized media reports concerning hiring in other City departments, as a further basis to insist on disclosure of the fire department's scoring criteria. However, plaintiff fails to discern that the critical distinction is indeed the motive for seeking the information, and here plaintiff's own stated reason for seeking the disclosure here is merely to confirm that he indeed failed the test. Notably, in *Roulette* the plaintiff did not contend that he sought to view evaluation material to ferret out public malfeasance or discuss issues more fully or make better informed political judgments, but rather for purely private reasons. *Roulette*, 141 Ill. App. 3d at 398, 490 N.E.2d at 62. Here, plaintiff is not seeking the disclosures to ferret out such vaguely referenced questionable hiring practices for the benefit of the public. The disclosures sought have no connection to the City's hiring practices but rather would merely serve to assuage plaintiff's own disbelief that he actually failed the physical examination.

Plaintiff next maintains that the additional exemptions relied upon by the City in its summary judgment motion were waived because they were not cited in its denial letters. If a public body seeks to invoke one of the section 7 exemptions as grounds for refusing disclosure, " 'it is required to give written notice specifying the particular exemption claimed to authorize the denial.' " *Day*, 388 Ill. App. 3d at 74, 902 N.E.2d at 1147-48, quoting *Illinois Education Ass'n*, 204 Ill. 2d at 464, 791 N.E.2d 522. If the party seeking disclosure challenges the public body's denial in circuit court, the public body then has " 'the burden of proving that the records in question fall within the exemption it has claimed.' " *Day*, 388 Ill. App. 3d at 74, 902 N.E.2d at

1148, quoting *Illinois Education Ass'n.*, 204 Ill. 2d at 464, 791 N.E.2d at 527.

Plaintiff contends that the City waived exemptions section 7(1)(a) and section 7(1)(w) as to his first request, because that denial letter cited only exemption section 7(1)(j), and that the City waived exemption section 7(1)(a) as to his second request. Plaintiff submits that our review is limited to only those exemptions that the government unit claimed prior to the commencement of litigation, relying on our supreme court's statement that the governmental unit "has the burden of proving that the records in question fall *within the exemption it has claimed.*" (Emphasis added.) *Illinois Education Ass'n*, 204 Ill. 2d at 464, 791 N.E.2d at 527. Plaintiff further claims that the City's denial letters are lacking in sufficient detail, also on the basis of *Illinois Education Ass'n*.

However, we agree with the City that there is no forfeiture, because section 11(f) of the FOIA mandates that the circuit court conduct a *de novo* review:

> "In any action considered by the court, the court shall consider the matter de novo, and shall conduct such in camera examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under *any* provision of this Act. The burden shall be on the public body to establish that its refusal to permit public inspection or copying is in accordance with the provisions of this Act." (Emphasis added.) 5 ILCS 140/11(f) (West 2006).

We find no provision for forfeiture in the statute, as section 11(f) expressly provides for *de novo* review to determine if any provision applies, nor has there been subsequent case law interpreting section 11(f) in the manner plaintiff suggests. In fact, in *Southern Illinoisan v.*

10

*Illinois Department of Public Health*, 218 Ill. 2d 390, 418, 844 N.E.2d 1, 16 (2006), our supreme court specifically restated the language of section 11(f) in the following manner: "This section provides that the court shall conduct the hearing '*de novo*' and shall conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of the FOIA." *Southern Illinoisan*, 218 Ill. 2d at 418, 844 N.E.2d at16.

We also agree with the City that the burden of proving an exemption with detailed specificity applies only upon review in the circuit court, and not in the initial denial letter, as urged by plaintiff. Plaintiff misreads *Illinois Education Ass'n*, which specifically states such detailed justification is to be in the circuit court: "if the party seeking disclosure of information under the Act challenges the public body's denial *in circuit court*, the public body has the burden of proving that the records in question fall within the exemption it has claimed." (Emphasis added.) *Illinois Education Ass'n*, 204 Ill. 2d at 464, 791 N.E.2d at 527. Here, we discern that the City proved the exemptions it claimed in its summary judgment motion in the circuit court with sufficient detail. Thus, as we are free to determine *de novo* whether additional exemptions also apply to uphold the circuit court's determination that the physical test criteria and scoring process are exempt from disclosure, we consider the additional exemptions argued by the City.

FOIA section 7(1)(w) exempts "[i]nformation related solely to the internal personnel rules and practices of a public body." 5 ILCS 140/7(1)(w) (West 2006). *Roulette* again governs our consideration of this exemption, as there we determined that the psychologist's notes and his evaluation of the job applicant results were also exempt from disclosure based on section 7(1)(w),

as they related to personnel practices. *Roulette*, 141 Ill. App. 3d at 399, 490 N.E.2d at 63. Similarly here, we find that the fire department's testing criteria and scoring process also relate to personnel practices.

The City also maintains that the physical test scoring and criteria were exempt under the Illinois Personnel Record Review Act (820 ILCS 40/1 (West 2006)), pursuant to section 7(1)(a), which exempts "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations adopted under federal or State law" (5 ILCS 140/7(1)(a) (West 2006)). Notably, the Illinois Personnel Record Review Act provides, in pertinent part:

> "The right of the employee or the employee's designated representative to inspect his or her personnel records does not apply to:
>
> ***
>
> (b) Any portion of a test document, except that the employee may see a cumulative test score for either a section of or the entire test document." 820 ILCS 40/10 (West 2006).

The plain language of this statute specifically excludes release of anything more than a cumulative test score. See *Roulette*, 141 Ill. App. 3d at 400, 490 N.E.2d at 64 (upholding nondisclosure also under prior FOIA section 7(a) (Ill. Rev. Stat. 1984 Supp., ch. 116, par. 207(a)) based on the Illinois Personnel Record Review Act, reasoning that if an employee, who has a vested interest, is forbidden to view tests and evaluation material, then a job applicant, who has no vested interest in state employment, should also be forbidden to inspect his evaluation material). Here, the record establishes that the City complied with the express terms of this provision by

12

providing plaintiff with his cumulative test score. Under the express limitation of the FOIA, plaintiff is entitled to no more than what he has received. Thus, the circuit court was correct in determining that all three exemptions urged by the City applied to uphold nondisclosure under the FOIA.

Failing to establish a right to disclosure under the FOIA, plaintiff, in arguing for disclosure, also cites to section 10-1-7(a) of the Illinois Municipal Code (hereinafter Civil Service Law), which provides:

> "All applicants for offices or placed in the classified service, except those mentioned in Section 10-1-17, are subject to examination. The examination shall be public, competitive, and open to all citizens of the United States, with specified limitations as to residence, age, health, habits and moral character." 65 ILCS 5/10-1-7(a) (West 2000).

However, as the City maintains, it opted out of the Civil Service Law's provisions long ago and superceded it with its own personnel code. *Dineen v. Chicago*, 125 Ill. 2d 248, 259-60, 531 N.E.2d 347, 351 (1988), citing *Resman v. Personnel Board*, 96 Ill. App. 3d 919, 922, 422 N.E.2d 120, 122 (1981), citing Chicago Municipal Code § 25.1-1 (1976). See also *Dudycz v. City of Chicago*, 206 Ill. App. 3d 128, 132, 563 N.E.2d 1122, 1125 (1990).

Plaintiff nonetheless chooses not to address the fact that the City superceded the Civil Service Law with its own personnel code, arguing instead that "regardless of whether Civil Service Law applies to the City of Chicago or not *** the courts have no lesser duty to ensure fairness in testing procedure for home rule units than other units of government." Plaintiff favors

13

us with no authority to support this proposition. Accordingly, we find that the civil service provisions are inapplicable, and plaintiff has no cognizable basis for urging disclosure of the requested material. We therefore affirm the grant of summary judgment on both of plaintiff's FOIA claims against the City based on FOIA exemptions section 7(j), section 7(w), and section 7(1)(a).

We next address plaintiff's contention that his claim for a mandatory injunction was improperly dismissed for failure to allege a clearly ascertainable right or irreparable harm. A motion to dismiss brought pursuant to 735 ILCS 5/2-615 attacks the legal sufficiency of the complaint, and presents the question of whether the complaint states a cause of action upon which relief could be granted. *Norton v. City of Chicago*, 267 Ill. App. 3d 507, 510, 642 N.E.2d 839, 842 (1994). Section 2-619(a)(9) of the Illinois Code of Civil Procedure permits involuntary dismissal where the claim asserted against the defendant "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2006). A reviewing court must interpret all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368, 799 N.E.2d 273, 278 (2003). A motion to dismiss under either section 2-615 or section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2006)) admits all well-pled allegations in the complaint and reasonable inferences to be drawn from the facts. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 184, 680 N.E.2d 265, 268 (1997). Our review of a dismissal under either section is *de novo*. *Van Meter*, 207 Ill.2d at 368, 799 N.E.2d at 278.

In order to be entitled to a permanent injunction, the party seeking the injunction must

demonstrate: (1) a clear and ascertainable right in need of protection; (2) that he or she will suffer irreparable harm if the injunction is not granted; and (3) that there is no adequate remedy at law. *In re Marriage of Seffren*, 366 Ill. App. 3d 628, 637, 852 N.E.2d 302, 311 (2006), citing *Sparks v. Gray*, 334 Ill. App. 3d 390, 395, 777 N.E.2d 1026, 1030 (2002). "In Illinois it has been recognized that an injunction is an extraordinary remedy which may be granted when the plaintiff establishes that his remedy at law is inadequate and he will suffer irreparable harm without the injunctive relief." *Sadat v. American Motors Corp.*, 104 Ill. 2d 105, 115, 470 N.E.2d 997, 1002 (1984). "[W]hen, as here, the case raises pure questions of law, *** the determination of the merits of the permanent injunction is subject to *de novo* review." *People ex rel. Department of Corrections v. Fort*, 352 Ill. App. 3d 309, 314, 815 N.E.2d 1246, 1250 (2004), quoting *Butler v. USA Volleyball*, 285 Ill. App. 3d 578, 582, 673 N.E.2d 1063, 1066 (1996), citing *Magee v. Huppin-Fleck*, 279 Ill. App. 3d 81, 85, 664 N.E.2d 246, 249 (1996).

We have already determined that plaintiff does not have a clear and ascertainable right, as the materials requested by plaintiff are exempt from disclosure under the FOIA, and plaintiff therefore is not entitled to an injunction. Plaintiff's citations to *Cremer v. City of Macomb Board of Fire & Police Commissioners*, 260 Ill. App. 3d 765, 632 N.E.2d 1080 (1994), and *Murbach v. Anderson*, 96 Ill. App. 3d 1015, 422 N.E.2d 41 (1981), are inapposite. In *Cremer*, the court held that while the posting of an eligibility list does not give a candidate a vested right to a position, it does carry legal significance in that it gives the candidate standing to assert that the procedure created by the statute has not been followed. *Cremer*, 260 Ill. App. 3d at 766, 632 N.E.2d at 1081. The court further held that under the Administrative Review Law (735 ILCS 5/3-108(b)

15

(West 1992)), the Board was required to produce the entire record of proceedings before it, which included the results of the plaintiff's mental examination. *Cremer*, 260 Ill. App. 3d at 767, 632 N.E.2d at 1082. In *Murbach*, we held that the statute which listed the crimes that would disqualify an applicant from a police or fire appointment did not include controlled substances, which was the basis for the plaintiff's denial of employment, and was thus contrary to the evidence and contrary to law. *Murbach*, 96 Ill. App. 3d at 1019, 422 N.E.2d at 44-45.

Both *Cremer* and *Murbach* involved the civil service provisions of the Illinois Municipal Code, and in both cases the plaintiffs alleged under administrative review that the public body did not follow the hiring procedure created by statute. Here, the civil service provisions do not apply to the City, and plaintiff's causes of are based on the FOIA. Notably, the *Cremer* court specifically distinguished its holding from *Roulette* and causes of action based on the FOIA. *Cremer*, 260 Ill. App. 3d at 766-67, 632 N.E.2d at 1082.

Finally, we note that the parties sharply disagree regarding plaintiff's motives for seeking the physical testing criteria, and whether release of that criteria would give plaintiff an advantage if he were allowed a retest. Plaintiff clarified his motive and the actual relief he is seeking in his reply: "the plaintiff seeks scoring criteria not to obtain any test taking advantage – as there is none – but to ascertain whether he truly failed as the city claims." We find from the record that plaintiff was already given confirmation that he truly failed, as the auditor already verified the results pursuant to plaintiff's request. Plaintiff therefore fails the remaining two elements for the grant of a permanent injunction, as he cannot show irreparable harm and has already been given his remedy at law. We further find the issue moot, as there is no other relief we could grant to

plaintiff even if we were to rule in his favor, as he already received confirmation that he indeed failed the physical test. See *Fisher v. Waldrop*, 221 Ill. 2d 102, 111, 849 N.E.2d 334, 339 (2006), citing *In re D.S.*, 217 Ill. 2d 306, 320, 840 N.E.2d 1216, 1224 (2005).

Plaintiff's final argument is that the circuit court erred in dismissing HPS at the pleading stage on a section 2-619 motion to dismiss. Although HPS maintains that the quasi-judicial function privilege applies, plaintiff asserts that such privilege is inapplicable as there was no hearing or quasi-judicial function involved in this case. At the very least, plaintiff contends, dismissal was premature where there was no discovery as to HPS' actual role or its connection, if any, to any quasi-judicial proceeding.

Under a section 2-619(a)(9) motion, an action may be dismissed on the ground that the claim asserted is barred by other affirmative matter avoiding the legal effect or defeating the claim. The affirmative defense of absolute privilege is such "affirmative matter." *Meyer v. McKeown*, 266 Ill. App. 3d 324, 325, 641 N.E.2d 1212, 1213 (1994).

On this issue, plaintiff's argument is well-taken. Indeed, in all the cases cited by HPS, privilege was applied to materials or statements in some type of hearing or quasi-judicial proceeding. See *Bond v. Pecaut*, 561 F. Supp. 1037 (N.D. Ill. 1983), *aff'd*, 734 F.2d 18 (7th Cir. 1984) (letter written by psychologist in state court child custody proceeding); *Kalish v. Illinois Education Ass'n*, 157 Ill. App. 3d 969, 510 N.E.2d 1103 (1987) (letters to character and fitness committee of the Attorney Registration and Disciplinary Commission for admission to the bar); *Parrillo, Weiss & Moss v. Cashion*, 181 Ill. App. 3d 920, 537 N.E.2d 851 (1989) (attorney's statements in letter to the Director of Department of Insurance of the State of Illinois during

1-08-1835

quasi-judicial proceeding); *Adco Services, Inc. v. Bullard*, 256 Ill. App. 3d 655, 628 N.E.2d 772 (1993); *Haynes v. Police Board*, 293 Ill. App. 3d 508, 688 N.E.2d 794 (1997) (hearing relating to discharge of an officer who refused a psychological evaluation after being accused of a sexual assault); *Hartlep v. Torres*, 324 Ill. App. 3d 817, 756 N.E.2d 371 (2001) (hearing before the Board of Fire and Police Commissioners); *McNall v. Frus*, 336 Ill. App. 3d 904, 784 N.E.2d 238 (2002) (testimony of social worker as expert retained by husband in a child custody proceeding).

Here, as plaintiff submits, there was no evidence that there was a hearing or quasi-judicial proceeding before the City of Chicago Board of Fire and Police Commissioners. None of the criteria recited by HPS as evidencing a quasi-judicial body are present in the application process here. Although HPS argues that circuit court took judicial notice of the fact that the City of Chicago Board of Fire and Police Commissioners is a quasi-judicial body that delegates many of its personnel decisions to the fire chief, the court's order of September 6, 2007, dismissing HPS does not state the basis for the dismissal. Further, there is no transcript for that date, nor can we otherwise discern the court's reasoning from the record before us.

We find instead that a privilege which appropriately applies to the facts in the case at bar is the deliberative process privilege, encompassed in the FOIA section 7(1)(f). 5 ILCS 140/7(1)(f) (West 2006). We note from the outset that there is a dearth of Illinois reported cases concerning privilege which address the circumstances before us. However, in *Harwood v. McDonough*, 344 Ill. App. 3d 242, 799 N.E.2d 859 (2003), *appeal denied*, 206 Ill. 2d 621, 806 N.E.2d 1066 (2003), we held that "as a matter of public policy, section 7(1)(f) exempts from disclosure predecisional materials used by a public body in its deliberative process"; it applies to an

18

individual's request and exempts a consultant's report form public disclosure. *Harwood*, 344 Ill. App. 3d at 247, 799 N.E.2d at 864. In arriving at this decision, we explained that "[s]ection 7(1)(f) of the Act is the equivalent of the 'deliberative process' exemption found in section 552(b)(5) of the federal Freedom of Information Act, which exempts from disclosure inter- and intra-agency predecisional and deliberative material." *Harwood*, 344 Ill. App. 3d at 247, 799 N.E.2d at 864, citing 5 U.S.C. § 552(b)(5) (2000). We also noted our supreme court's pronouncements that " '[t]he existence of an FOIA exemption for predecisional materials is evidence of a public policy favoring the confidentiality of such communications.' " *Harwood*, 344 Ill. App. 3d at 247, 799 N.E.2d at 864, quoting *People ex rel. Birkett v. City of Chicago*, 184 Ill. 2d 521, 528-29, 705 N.E.2d 48, 51 (1998). We concluded that although the report constituted the "final" product of the outside consultant, Arthur Andersen, it was nonetheless a "preliminary" document in relationship to the eventual and "final" decision made by the Department of Commerce and Community Affairs. *Harwood*, 344 Ill. App. 3d at 248, 799 N.E.2d at 865.

Similarly, in the case *sub judice* the administration of the physical test and interpretation of the test results by the City's outside independent consultant, HPS, was a preliminary document in relation to the decision by the City fire department to deny admission to plaintiff and is protected by the deliberative process privilege found in FOIA section 7(1)(f). 5 ILCS 140/7(1)(f) (West 2006). See also *O'Shaughnessy v. New York State Division of State Police*, 202 A.D.2d 508, 609 N.Y.S.2d 18 (1994) (unsuccessful applicant for position of state trooper was not entitled to records relating to his application where material consisted of opinions, advice, evaluations, deliberations, conclusions, or recommendations). Regardless of the reasoning of the circuit court,

we may nonetheless affirm its judgment if correct. *Norton*, 267 Ill. App. 3d at 509, 642 N.E.2d 839 at 841. We therefore determine, under our *de novo* review, that the section 2-619 dismissal of HPS was proper based on the deliberative process privilege encompassed in FOIA section 7(1)(f). 5 ILCS 140/7(1)(f) (West 2006).

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's dismissal and summary judgment orders.

Affirmed.

TULLY and FITZGERALD SMITH, JJ., concur.

1-08-1835

| | |
|---|---|
| Please Use Following Form: | |
| Complete TITLE of Case | CHARLES W. KOPCHAR, Plaintiff-Appellant, v. CITY OF CHICAGO, a municipal corporation, and HUMAN PERFORMANCE SYSTEMS, INC., a foreign corporation, Defendants-Appellees. |
| Docket No. COURT Opinion Filed | 1-08-1835 Appellate Court of Illinois First District, FIFTH Division November 6, 2009 (Give month, day and year) |
| JUSTICES | PRESIDING JUSTICE TOOMIN delivered the opinion of the court: TULLY and FITZGERALD SMITH, JJ., concur [s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin: The Honorable William O. Maki, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago. For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. Plaintiff-Appellant, Charles W. Kopchar Cohn & Cohn 77 W. Washington Street, #1422 Chicago, IL 60602 312/346-9336 Defendant-Appellee, City of Chicago Mara S. Georges 30 North LaSalle Street Suite 800 Chicago, IL 60602 312/742-0115 Of Counsel: Benna Ruth Solomon, Myriam Zreczny Kasper, Jennifer Erickson Baak |

1-08-1835