SIXTH DIVISION

October 17, 2003  

No. 1-02-2714

BRADLEY HARWOOD,

Plaintiff-Appellant,

v.

PAM McDONOUGH, Director, MICHAEL D. ROSENFELD, General Counsel, CATHY HAUGER, Freedom of Information Act Officer, all three in their official capacities in the Illinois Department of Commerce and Community Affairs, and the ILLINOIS DEPARTMENT OF COMMERCE AND COMMUNITY AFFAIRS, an executive branch agency of the State of Illinois,

Defendants-Appellees.

))))))))))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Stephen A. Schiller

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, Bradley Harwood, filed this action on July 26, 2001, pursuant to the Illinois Freedom of Information Act (the Act) ( 5 ILCS 140/1 
et seq
. (West 2000)) against several defendants, including the Illinois Department of Commerce and Community Affairs (DCCA).  The other defendants are employees of the State of Illinois, who, in their official capacities, are responsible for complying with the requirements of the Act at DCCA.  Plaintiff made an initial request for records under the Act on May 16, 2001.  He requested two items: (1) “a copy of the report prepared by the consulting firm of Arthur Andersen (Andersen) concerning the relocation of the Boeing Company's headquarters to Illinois” (the Andersen report) and (2) “copies of all invoices concerning the cost to the state of this report.”

After the plaintiff received no answer to his initial request, he sent an appeal letter, dated June 11, 2001.  The defendants responded to plaintiff's appeal letter by producing a copy of a one-page “Executive Summary” of the Andersen report, claiming the rest of the report was exempt from disclosure under exemptions in sections 7(1)(f) and (g) of the Act, and also by stating that “no invoice from Arthur Andersen has been remitted to the department as of this date.”  This action followed.  In his complaint, plaintiff sought a permanent injunction against defendants prohibiting them from withholding the requested public records and an order for the production of these public records.

Defendants answered the complaint regarding the Andersen report by again claiming it was exempt from disclosure under the previously claimed exemptions in sections 7(1)(f) and (g), as well as the additional exemptions in sections 7(1)(i) and (r) of the Act and by producing a copy of the contract between DCCA and Andersen.  Ultimately, the parties filed cross-motions for summary judgment.

On August 1, 2002, the trial court denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment.  On August 13, 2002, plaintiff filed a “Motion for Clarification of Court's August 1, 2002 Ruling or for Summary Judgment on Plaintiff's Outstanding Claims for a Redacted Andersen Study and Improper Withholding of Invoices and for Attorneys Fees for Work Required to Obtain Redacted Report and Invoices.”  This motion was denied on August 19, 2002.  Plaintiff now appeals the orders of August 1, 2002, and August 19, 2002.

STANDARD OF REVIEW

We review 
de novo
 the trial court's grant of summary judgment. 
In re Estate of Hoover
, 155 Ill. 2d  402, 411, 615 N.E.2d 736 (1993).  Summary judgment is a drastic means of disposing of litigation. 
Happel v. Wal-Mart Stores, Inc.
, 199 Ill. 2d  179, 186, 766 N.E.2d 1118, 1123 (2002).  Therefore, summary judgment is appropriate only when “ 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' ” 
Happel
, 199 Ill. 2d  at 186, 766 N.E.2d 1118, quoting 735 ILCS 5/2-1005(c) (West 2000); see also 
Espinoza v. Elgin, Joliet & Eastern Ry. Co.
, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995).  Because the parties here filed cross-motions for summary judgment, they have agreed that no genuine issue of material fact exists and invite the court to decide the issues presented as questions of law.
  Allen v. Meyer
, 14 Ill. 2d  284, 292, 152 N.E.2d 576 (1958).  Nevertheless, where genuine issues of fact exist precluding summary judgment in favor of either party, the mere filing of cross-motions for summary judgment does not require that the court grant the requested relief to one of the parties. 
Hagen v. Distributed Solutions, Inc.
,
 328 Ill. App. 3d  132, 137, 764 N.E.2d 1141,1145-46 (2002).

Under the Illinois Freedom of Information Act, public records are presumed to be open and accessible.  
Illinois Education Ass'n v. Illinois State Board of Education
, 204 Ill. 2d 456, 462-63, 791 N.E.2d 522, 526 (2003), citing 
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d  401, 407, 680 N.E.2d 374 (1997).  “[I]f the party seeking disclosure of information under the Act challenges the public body's denial in circuit court, the public body has the burden of proving that the records in question fall within the exemption it has claimed.”
 Illinois Education Ass'n
, 204 Ill. 2d at 464, 791 N.E.2d at 527, citing 
Lieber
, 176 Ill. 2d at 408, 680 N.E.2d 374, and  5 ILCS 140/11 (West 2000).  “ 'To meet this burden and to assist the court in making its determination, the agency must provide a 
detailed
 justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing.' ” (Emphasis in original.) 
Illinois Education Ass'n
, 204 Ill. 2d at 464, 791 N.E.2d at 527, quoting 
Baudin v. City of Crystal Lake
, 192 Ill. App. 3d  530, 537, 548 N.E.2d 1110 (1989).

Here, defendants raised four affirmative defenses
(footnote: 1) asserting that the Andersen report was exempt under four separate exemptions of section 7 of the Act. 5 ILCS 140/7 (West 2000).  Section 7 and the relevant exemptions state as follows:

“(1) The following shall be exempt from inspection and copying:

*  *  *

(f) Preliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion of a record shall not be exempt when the record is publicly cited and identified by the head of the public body.  The exemption provided in this paragraph (f) extends to all those records of officers and agencies of the General Assembly that pertain to the preparation of legislative documents.

(g) Trade secrets and commercial or financial information obtained from a person or business where the trade secrets or information are proprietary, privileged or confidential, or where disclosure of the trade secrets or information may cause competitive harm, including all information determined to be confidential under Section 4002 of the Technology Advancement and Development Act. [20 ILCS 700/4002 (West 2000).]  Nothing contained in this paragraph (g) shall be construed to prevent a person or business from consenting to disclosure.

* * * 

(i) Valuable formulae, designs, drawings and research data obtained or produced by any public body when disclosure could reasonably be expected to produce private gain or public loss.

*  *  *

(r) Drafts, notes, recommendations and memoranda pertaining to the financing and marketing transactions of the public body.  The records of ownership, registration, transfer, and exchange of municipal debt obligations, and of persons to whom payment with respect to these obligations is made.” 5 ILCS 140/7(1)(f), (g), (i), and (r) (West 2000)).

Defendants concede that they have the burden of proving that a withheld document falls within an exemption.  Defendants also note correctly that this court need only conclude that one of the four exemptions applies to plaintiff's request in order for defendants to prevail.  We conclude that section 7(1)(f) applies to plaintiff's request and exempts the Andersen report from public disclosure.

Section 7(1)(f) of the Act is the equivalent of the “deliberative process” exemption found in section 552(b)(5) of the federal Freedom of Information Act, which exempts from disclosure inter- and intra-agency predecisional and deliberative material. See 5 U.S.C. §552(b)(5)(2000).  As the Illinois Supreme Court explained: “The existence of an FOIA exemption for predecisional materials is evidence of a public policy favoring the confidentiality of such communications.”  
People ex rel. Birkett v. City of Chicago
, 184 Ill. 2d  521, 528-29, 705 N.E.2d 48, 51 (1998).  We agree with defendants' interpretation of the 
Birkett
 case as evincing recognition by our supreme court that, as a matter of public policy, section 7(1)(f) exempts from disclosure predecisional materials used by a public body in its deliberative process.

In 
Birkett
, the City of Chicago had argued that information exempt from disclosure to the general public under the Act's deliberative process 
exemption
 should also be undiscoverable by a civil litigant as a deliberative process litigation 
privilege
.  The 
Birkett
 court refused to recognize such a deliberative process 
privilege
, but only after recognizing that the 
exemption
 did exist.  Thus, to the extent plaintiff relies on 
Birkett 
as standing for the proposition that Illinois does not recognize a deliberative process 
exemption
 under the Act, his reliance is misplaced.  The actual issue addressed by the 
Birkett
 court was “whether the legislature sought to create an 
analogous evidentiary privilege
.”(Emphasis added.) 
Birkett
, 184 Ill. 2d  at 529, 705 N.E.2d at 51.  The 
Birkett
 court did not hold that a deliberative process exemption did not exist in Illinois.

 Plaintiff contends, however, that section 7(1)(f) is inapplicable to the Andersen report because the report is a final, finished document.  Defendants argue that plaintiff erroneously interprets the word “preliminary” as referring to the posture of the particular document sought to be disclosed and further assert that section 7(1)(f)'s use of the word preliminary in this context refers to predecisional intra-agency communications.  We agree with defendants' interpretation.

Both parties have acknowledged that no reported Illinois decision has interpreted section 7(1)(f)'s use of the word preliminary.  The Act was patterned after the federal Freedom of Information Act (5 U.S.C. §552) (2002). 
Cooper v. Department of the Lottery
, 266 Ill. App. 3d 1007, 1012, 640 N.E.2d 1299, 1303 (1994).  Thus, it is helpful to look to cases interpreting the parallel provision in the federal Freedom of Information Act.  
People ex rel. Ulrich v. Stukel
, 294 Ill. App. 3d 193, 201, 689 N.E.2d 319, 325 (1997).  The deliberative process privilege exemption of the federal statute is intended to protect the communications process and encourage frank and open discussion among agency employees before a final decision is made. 
NLRB V. Sears Roebuck & Co.
, 421 U.S. 132, 150-51, 44 L. Ed. 29, 95 S. Ct. 1504 (1975).  Case law construing the exemption has explained that it “protects pre-decisional, deliberative communications that are part of an agency's decision-making process.” 
Parmelee v. Camparone
, 
No. 93 C 7362 
(N.D. Ill. October 1, 1998).

Courts have extended this exemption to communications between government agencies and outside consultants whose analyses and recommendations “played essentially the same part in an agency's process of deliberation as documents prepared by agency personnel might have done.” 
Department of the Interior v. Klamath Water Users Protective Ass'n.
, 532 U.S. 1, 10, 149 L. Ed. 87, 97, 121 S. Ct. 1060, 1067 (2001) (and cases cited therein).  The pivotal fact that remains constant in each case in which the exemption has been extended to consultants' documents is that “the consultant does not represent an interest of its own, or the interest of any other client, when it advises the agency that hires it.”
 Klamath Water Users
, 532 U.S. 1, 11, 149 L. Ed. 87, 97, 121 S. Ct. 1060, 1067.  Such is the case here with the Andersen report. The Andersen report was one of the materials on which DCCA relied in formulating its ultimate decision of whether to pursue the Boeing relocation and the components of its incentive package once it made that decision.  Although the report constituted the “final” product of the outside consultant, Arthur Andersen, it was nonetheless a “preliminary” document in relationship to the eventual and “final” decision made by DCCA.

Plaintiff nonetheless argues that the exemption in section 7(1)(f) does not apply to the Andersen report because the legislature, by writing a limitation at the end of this exemption, clearly intended to disallow an agency to withhold a preliminary document from disclosure 

where it is “publicly cited and identified by the head of the public body.”  Plaintiff asserts that both the director of DCCA, Pam McDonough, and Governor George Ryan publicly cited the Andersen report.

Plaintiff points to comments made by Governor Ryan in a radio address and by Director McDonough at public hearings, plus materials she provided for those hearings.  Specifically, plaintiff cites the following:

(1) Governor Ryan's statement in “Ryan Radio Report #13,” of May 12, 2001, that “[i]n Boeing's case, the consulting firm Arthur Anderson says Boeing's new headquarters will mean $4.5 billion in economic impact for Illinois”;

(2) Director McDonough's statement during her testimony before the House Revenue Committee that “based on a conservative analysis by Arthur Anderson, the 20 year impact of this corporate relocation is $4.3 billion”; and

(3) charts that were distributed to those present which contained information that was not listed on the executive summary.

As defendants correctly assert, however, Director McDonough's and Governor Ryan's statements did not cite the Andersen study itself, but rather cited information contained only in the executive summary, a document that was prepared specifically for public release and that was provided to plaintiff.  Moreover, the charts were part of Director McDonough's Power Point presentation that recapitulated all of the information contained in the executive summary and also did not cite to the complete, full Andersen study itself.  Thus, plaintiff's request for the Andersen report was exempt from disclosure under section 7(1)(f) of the Act.

We now address the second part of plaintiff's request for “copies of all invoices concerning the cost to the state of this report.”  Plaintiff argues that defendants had no basis in law to withhold invoices in response to his request.  Defendants did not withhold the invoices.  Instead, defendants correctly and truthfully informed plaintiff that “no invoice from Arthur Andersen has been remitted to the department 
as of this date
.” (Emphasis added.)  The Act is not a records acquisition act.

Plaintiff nonetheless claims that this response was evasive.  He contends that “invoice” is a broadly defined word and that had defendants' looked to a dictionary they could have understood that plaintiff's request for “invoices” required production of all documents in DCCA's possession, including any “contracts” - even those that were not yet signed - that would have disclosed the cost of the Andersen study to the state.  We agree with defendants that if what plaintiff wanted were all documents that disclosed the cost of the Andersen study to the state, a statement as simple as that would have sufficed.  Because plaintiff's request asked specifically for 
invoices
, none of which had been submitted to the Department as of the date of defendants' response, the defendants did not improperly withhold any invoices.

We further conclude that the trial court correctly denied plaintiff's motion for a redacted copy of the Andersen report.  The trial court conducted an 
in camera
 review of the report.  The trial court found that no portion of the report was nonexempt.  During the hearing on plaintiff's motion for clarification, the court concluded that plaintiff was not entitled to a redacted report, within the meaning of the Act, if the result of the redaction was a document consisting of blank pages, along with meaningless pronouns and articles such as the words “and,” “or,” “but,” etc.  We conclude that the trial court correctly denied plaintiff's motion for summary judgment on plaintiff's outstanding claims for a redacted Andersen study and improper withholding of invoices.

Plaintiff has also raised numerous other issues, which we decline to consider.  In view of our conclusion that defendants did not violate the Act, we agree with defendants that the additional collateral issues raised by plaintiff are moot and nonprejudicial.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

O'MARA FROSSARD, P.J., and O'BRIEN, J., concur.

FOOTNOTES
1:
We note one of the collateral issues raised in plaintiff's brief is his contention that the trial court ruled incorrectly that the exemptions in the Act constitute legally sufficient affirmative defenses because the exemptions are instead mere defenses. We reject plaintiff's argument. The Act's disclosure mandate contained in section 3(a) states as follows: “[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act.” 5 ILCS 140/3(a) (West 2000).  We conclude that the exemptions contained in section 7 constitute affirmative defenses which the defendant has the burden of pleading and proving.  We agree with defendants' argument that a plaintiff should state only ultimate facts in drafting a complaint.  A plaintiff need not anticipate an affirmative defense.  That plaintiff may have done so here does not change our conclusion that the trial court correctly denied plaintiff's motion to strike defendants' affirmative defenses.