# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Heinrich v. White*, 2012 IL App (2d) 110564

---

| | |
|---|---|
| Appellate Court Caption | PAUL HEINRICH, Plaintiff-Appellant, v. JESSE WHITE, Secretary of State, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0564 |
| Filed | August 27, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of plaintiff's request under the Freedom of Information Act for the administrative decisions of the Department of Motor Vehicles informing drivers of revocations and suspensions of their licenses was reversed even though much of the information involved was exempt from disclosure and some documents had yet to be created, since consideration had to be given to the issues of whether plaintiff would still want the information after the exempt material was redacted and whether compliance would be unduly burdensome on the Secretary of State. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 11-CH-558; the Hon. Thomas E. Mueller, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Rachel J. Hess, of Law Office of Rachel J. Hess, of St. Charles, for appellant. |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Nadine J. Wichern, Assistant Attorney General, of counsel), for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Presiding Justice Jorgensen and Justice Hutchinson concurred in the judgment and opinion. |

# OPINION

¶ 1    The plaintiff, Paul Heinrich, brought this action under the Illinois Freedom of Information Act (Act) (5 ILCS 140/1 *et seq.* (West 2010)) in the circuit court of Kane County against the Illinois Secretary of State (Secretary). Heinrich's complaint alleged that the Secretary improperly denied his request for automated access to administrative decisions issued by the Department of Motor Vehicles (DMV) that inform drivers that their licenses were suspended or revoked. The trial court granted the Secretary's motion to dismiss the suit with prejudice. Heinrich appeals from that order, contending that the trial court erred in granting the Secretary's motion to dismiss, because (1) Heinrich's complaint properly pleaded a cause of action for a violation of the Act, and (2) the information Heinrich requested was not exempt under the Act. We hold that, although the trial court correctly found that much of the requested information was exempt from disclosure, its dismissal of the complaint with prejudice was error. We therefore reverse and remand.

¶ 2                                    BACKGROUND

¶ 3    On October 11, 2010, Heinrich, an attorney, requested access to all "Notice[s] of Suspension sent to motorist[s] for any traffic violation(s)" issued by the Secretary and the DMV. On November 22, 2010, the Secretary denied Heinrich's request on the grounds that the information sought was exempt from production in two ways: under section 2-123(f-5) of the Illinois Vehicle Code (625 ILCS 5/2-123(f-5) (West 2010)) and section 7(1) of the Act (5 ILCS 140/7(1) (West 2010)); and as "private information" under sections 2(c-5) and 7(1)(b) of the Act (5 ILCS 140/2(c-5), 7(1)(b) (West 2010)).

¶ 4    On February 8, 2011, Heinrich filed a complaint for injunctive relief compelling the Secretary to produce the documents. The complaint alleged that the Secretary and the DMV were "public bodies" under the Act; the DMV manually and automatically issued

administrative orders concerning the driving privileges of Illinois motorists; and these orders were "public records" within the meaning of the Vehicle Code and the Act. On April 21, 2011, the Secretary filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)), arguing that Heinrich's complaint did not state a cognizable cause of action for several reasons: the claimed documents contained "personally identifying information," the claimed documents contained "private information," the Illinois Vehicle Code did not permit the Secretary to release "personally identifying information," and producing the documents would be unduly burdensome.

¶ 5    On June 14, 2011, the trial court held a hearing on the motion to dismiss. After hearing arguments, the trial court found that the material sought was "private information," as that term is defined in the Act, and therefore was exempt from disclosure under the Act. The trial court further found that, in order to comply with the Act and the Vehicle Code, the driver's name, address, driver's license number, and ticket number would all have to be redacted from each form. The trial court concluded that, once these redactions were made, nothing useful would be left. Therefore, the trial court did not consider the question of whether the request would be unduly burdensome. The trial court ultimately granted the Secretary's motion to dismiss with prejudice. Heinrich filed a timely notice of appeal.

¶ 6                                    ANALYSIS

¶ 7    Heinrich contends that the trial court erred in granting the Secretary's section 2-615 motion to dismiss, because (1) he properly pleaded a cause of action for a violation of the Act, and (2) the information he requested was not exempted by the Act. The Secretary contends that Heinrich failed to state a claim both because his request was invalid under the Act, in that it contained a request for records that had not yet been created, and because the request was unduly burdensome on its face. We take all of these arguments in turn.

¶ 8    "There is a presumption [under the Act] that public records be open and accessible ***." *Cooper v. Department of the Lottery*, 266 Ill. App. 3d 1007, 1011 (1994). Section 7 of the Act provides an extensive list of exemptions to disclosure, which are to be narrowly construed. *Id.* at 1012. When a public body receives a proper request under the Act, it must comply with that request unless one of the statutory exemptions set forth in section 7 of the Act applies. 5 ILCS 140/3, 7 (West 2010); *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463 (2003). Moreover, even when some of the information requested is exempt, the public body may still be required to produce the remaining information in redacted form. Section 7(1) of the Act states in pertinent part:

"When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law.

(b) Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order." 5 ILCS 140/1(a), (b) (West 2010).

¶ 9    A motion to dismiss brought under section 2-615 of the Code attacks the sufficiency of the complaint on the basis that, even assuming the allegations of the complaint to be true, the complaint does not state a cause of action that would entitle the plaintiff to relief. 735 ILCS 5/2-615 (West 2010); *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8 (1992). In ruling on a section 2-615 motion to dismiss, the court must accept as true all well-pled facts in the complaint and all reasonable inferences that can be drawn therefrom. *McGrath v. Fahey*, 126 Ill. 2d 78, 90 (1988). In addition, the court interprets the allegations of the complaint in the light most favorable to the plaintiff. *Id.* A claim should not be dismissed on the pleadings "unless it is clearly apparent that no set of facts can be proved which will entitle [the] plaintiff to recover." *Reuben H. Donnelley Corp. v. Brauer*, 275 Ill. App. 3d 300, 302 (1995). We review *de novo* the trial court's ruling on a motion to dismiss. *Simmons v. Homatas*, 236 Ill. 2d 459, 477 (2010).

¶ 10    The Secretary argues that the dismissal was proper because Heinrich's request was invalid since it sought records that had not yet been created. It is true that a request for records not yet created is invalid. See *Harwood v. McDonough*, 344 Ill. App. 3d 242, 249 (2003). In *Harwood*, the plaintiff submitted requests for invoices concerning the cost of a report that a public body had commissioned. *Id.* at 244. The public body responded that none of the requested invoices had been created as of the date of the request. *Id.* The court held that the public body did not withhold the invoices, because none existed when the request was made. *Id.* at 249. The court went on to note that the Act "is not a records acquisition act." *Id.*

¶ 11    Federal courts addressing this issue also provide persuasive guidance, although their decisions are not binding on this court. See, *e.g.*, *BlueStar Energy Services, Inc. v. Illinois Commerce Comm'n*, 374 Ill. App. 3d 990, 996 (2007). Several federal courts have held that requests for future records are invalid under the federal Freedom of Information Act. See, *e.g.*, *Mandel Grunfeld & Herrick v. United States Customs Service*, 709 F.2d 41, 43 (11th Cir. 1983); *Lybarger v. Cardwell*, 577 F.2d 764, 765-66 (1st Cir. 1978); *Tuchinsky v. Selective Service System*, 418 F.2d 155, 158-59 (7th Cir. 1969).

¶ 12    In the present case, Heinrich requested access to "every automated administrative decision to suspend a motorist's driving privileges in Illinois *** within one year." While this request sought records not yet created (an invalid request), it also sought records that had come into being during the past year–a valid request. The entirety of Heinrich's claim cannot be dismissed on the ground that his request was partially invalid.

¶ 13    Since Heinrich's claim could not be dismissed insofar as it involved a valid request, we next examine whether Heinrich properly stated a claim under the Act. Summarizing his complaint and its exhibits, Heinrich alleged that he requested certain public records from a public body (the Secretary) and that he was denied access to those records without legal authority. Except as to the issue of whether the Secretary was legally authorized to withhold the documents, which is a legal determination, Heinrich's complaint alleged specific facts necessary to sustain a cause of action under the Act. 5 ILCS 140/1 *et seq.* (West 2010).

¶ 14    However, the Secretary raised the defense that a public body does not have to turn over certain documents or can redact certain information contained within those documents if that information is exempt from production under section 7 of the Act. In this case, the trial court determined that information in the subject documents was exempt from disclosure under section 7(1)(b) of the Act because it was "private information." 5 ILCS 140/7(1)(b) (West 2010). "Private information" is defined under section 2(c-5) of the Act:

> " 'Private information' means unique identifiers, including a person's social security number, driver's license number, *** home or personal telephone numbers, and personal email addresses. Private information also includes home address and personal license plates, except as otherwise provided by law or when compiled without possibility of attribution to any person." 5 ILCS 140/2(c-5) (West 2010).

¶ 15    In addition, section 7(1)(a) of the Act exempts "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." 5 ILCS 140/7(1)(a) (West 2010). Further, section 2-123(f-5) of the Vehicle Code states that the "Secretary of State shall not disclose or otherwise make available to any person or entity any personally identifying information obtained by the Secretary of State in connection with a driver's license, vehicle, or title registration record." 625 ILCS 5/2-123(f-5) (West 2010). "Personally identifying information" is defined by the Vehicle Code as "[i]nformation that identifies an individual, including his or her driver identification number, name, address *** and telephone number," but it does not include information on "vehicular accidents, driving violations, and driver's status." 625 ILCS 5/1-159.2 (West 2010). Since section 2-123(f-5) of the Vehicle Code directly prohibits the Secretary from disclosing "personally identifying information" obtained in connection with DMV licensing and registration, that information is also exempt under section 7(1)(a) of the Act because it is "specifically prohibited from disclosure by *** state law." 5 ILCS 140/7(1)(a) (West 2010). Here, the Vehicle Code in essence acts as an additional control upon the content that must be redacted under the Act in order to comply with Heinrich's request. See *McCready v. Secretary of State*, 382 Ill. App. 3d 789, 796 (2008).

¶ 16    Heinrich cites *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401 (1997), for the proposition that names and addresses are not protected. In *Lieber*, the plaintiff requested the names and addresses of individuals who had been accepted to attend a public university. *Id.* at 403-04. The reviewing court held that the names and addresses of these students were basic identification information that did not rise to the level of "personal information," as the legislature intended "personal information" to be information that is "confidential" or "private." *Id.* at 412. However, in the past the public university had routinely given out this information to the local newspaper and religious organizations. *Id.* at 413.

¶ 17    *Lieber* is distinguishable from this case on two grounds. First, there is no record that the Secretary produced these records to anyone else prior to Heinrich's request, as the university did in *Lieber*. Thus, the protected nature of the information has not been waived. Second, unlike the information in *Lieber*, the information in the forms requested by Heinrich is further protected by the Vehicle Code. For these reasons, *Lieber* does not control the present case.

¶ 18    Heinrich argues that the requested documents as a whole (the notices of suspension and revocation) are not specifically protected under the Vehicle Code and therefore cannot be exempt from production. He argues that there is no case law allowing an agency to withhold its administrative decisions and orders from public review merely because they contain personally identifying information, and that to find otherwise would lead to absurd results and render most public records meaningless. This argument, however, fails to account for the difference between "information" and "documents." While the notices of suspension and revocation are not explicitly protected under the Vehicle Code, information contained within these forms is protected under both the Vehicle Code and the Act. See 625 ILCS 5/2-123(f-5) (West 2010); 5 ILCS 140/7(1)(b) (West 2010). In the situation before us, we find that the trial court appropriately determined that the "personally identifying information" (as used in section 2-123(f-5) of the Vehicle Code) and the "private information" (as used in section 7(1)(b) of the Act) in the documents sought by Heinrich was exempt under the Act. 625 ILCS 5/2-123(f-5) (West 2010); 5 ILCS 140/7(1)(b) (West 2010).

¶ 19    Nevertheless, as provided in section 7(1), while a public body may elect to redact exempt information from documents, the public body "*shall* make the remaining information available for inspection and copying" (emphasis added). 5 ILCS 140/7(1) (West 2010). "When the issue is whether the force of the statutory language is mandatory or permissive, then 'shall' does usually indicate the legislature intended to impose a mandatory obligation." (Internal quotation marks omitted.) *People v. Ousley*, 235 Ill. 2d 299, 311 (2009) (quoting *People v. Robinson*, 217 Ill. 2d 43, 54 (2005)). The trial court believed that nothing useful would be left after the exempt information was redacted. This conclusion is, on its face, logical. However, the Act makes it clear that, unless it would be unduly burdensome for the Secretary to produce the documents, Heinrich is entitled to obtain them in redacted form if he still wants them. The trial court therefore erred in foreclosing this possibility entirely.

¶ 20    The Secretary also argues that the dismissal was proper because Heinrich's request was unduly burdensome on its face, and that this would be true even if the documents were redacted before being produced. Section 3(g) of the Act states:

> "Requests calling for all records falling within a category shall be complied with unless compliance with the request would be unduly burdensome for the complying public body and there is no way to narrow the request and the burden on the public body outweighs the public interest in the information. Before invoking this exemption, the public body shall extend to the person making the request an opportunity to confer with it in an attempt to reduce the request to manageable proportions. If any body responds to a categorical request by stating that compliance would unduly burden its operation and the conditions described above are met, it shall do so in writing, specifying the reasons why it would be unduly burdensome and the extent to which compliance will so burden the operations of the public body. Such a response shall be treated as a denial of the request for information." 5 ILCS 140/3(g) (West 2010).

Here, the trial court never reached the question of whether Heinrich's request imposed an undue burden on the Secretary, because the trial court concluded as a matter of law that these documents would not serve Heinrich's purpose once the personally identifying information and the private information were redacted.

-6-

¶ 21        In order for a public body to claim the undue-burden exemption, the Act contains the threshold requirement that "the public body shall extend to the person making the request an opportunity to confer with it in an attempt to reduce the request to manageable proportions." *Id.* There is no evidence in the record that the Secretary sought to confer with Heinrich in an attempt to narrow the request prior to denying the request. In fact, the Secretary asserts in his reply brief that "instead of conferring with the Secretary to narrow the request to manageable proportions, as Heinrich readily admits, [Heinrich] expanded the scope of his request." However, the Secretary's argument misses the mark because the statute places the burden on the Secretary, not Heinrich, to extend an opportunity to confer in an attempt to reduce the request to manageable proportions. See *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 15 (2010). Here, there is no evidence that the Secretary has met this burden. Accordingly, the Secretary cannot use this exemption as a basis for the dismissal of Heinrich's complaint. *Id.*

¶ 22        The trial court was correct in concluding that the driver's name, address, driver's license number, and ticket number are all exempt information that must be redacted from the forms before production. However, the trial court erred in concluding that Heinrich could not prevail under any set of facts. We therefore reverse its dismissal of the complaint and remand to the trial court for further proceedings to include the exploration of two issues: (1) whether Heinrich still wants to acquire existing notices of suspension and revocation issued in the previous year, with the name, address, license number, and ticket number redacted from each form, and (2) if so, whether the Secretary's compliance with Heinrich's request would be unduly burdensome. We note that, in order to find that compliance with Heinrich's request would be unduly burdensome, three elements must be present: (1) compliance with the request as stated must be unduly burdensome, (2) there must be no way to narrow the request, and (3) the burden on the public body must outweigh the public interest in the information. 5 ILCS 140/3(g) (West 2010). In the event that a computer program is required, a court may not presume undue burden based on that fact alone. See *Family Life League v. Department of Public Aid*, 112 Ill. 2d 449, 459 (1986).

¶ 23                                                    CONCLUSION

¶ 24        Although the trial court correctly concluded that much of the information requested by Heinrich was exempt from disclosure, and Heinrich's request was invalid to the extent that it sought documents not yet created, the trial court erred in dismissing the complaint in its entirety. Accordingly, we reverse the judgment of the circuit court of Kane County and remand for further proceedings consistent with this opinion.

¶ 25        Reversed and remanded.