NOTICE
Decision filed 09/29/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220585-U

NO. 5-22-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ANTONIO R. PERKINS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 20-L-280 |
| | ) | |
| THE MADISON COUNTY SHERIFF'S DEPARTMENT *et al.*, | ) | Honorable |
| | ) | Anthony R. Jumper, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Barberis and Vaughan concur in the judgment.

**ORDER**

¶ 1   *Held*:  Where the plaintiff's brief fails to assert any arguments challenging the propriety of the trial court's ruling, all such arguments are forfeited on appeal. Where the third amended complaint does not contain sufficient factual allegations to support the plaintiff's apparent section 1983 claim, that claim was properly dismissed. Where the third amended complaint fails to comply with section 2-603 of the Code of Civil Procedure (735 ILCS 5/2-603 (West 2020)), and, as a result, fails to notify the opposing parties of any other causes of action the plaintiff was attempting to raise, the complaint was properly dismissed for noncompliance with that statute alone.

¶ 2   The plaintiff, Antonio R. Perkins, filed a complaint alleging that he was attacked by another inmate while detained at the Madison County jail and that the defendant, the Madison County Sheriff's Department (Sheriff's Department), and several of its employees, failed to protect him. He subsequently filed three amended complaints involving the same factual allegations. In the third amended complaint, the plaintiff asserted that the defendant's failure to protect him from the

1

attack violated his constitutional rights, giving rise to a cause of action under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). He also asserted that the same acts and omissions gave rise to state law claims, although it is not clear which specific state law claims he was attempting to raise. The defendant filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), which the trial court granted. The plaintiff appeals that ruling. However, he does not assert that the trial court made any specific errors. As such, he has forfeited any arguments that the court erred in its ruling. See Ill. S. Ct. 341(h)(7) (eff. Oct. 1, 2020). Forfeiture aside, we find that the court correctly dismissed the plaintiff's complaint for failure to state a claim. We therefore affirm its judgment.

¶ 3                                    I. BACKGROUND

¶ 4     The incident at issue in the plaintiff's complaint occurred in July 2019. According to the allegations in the plaintiff's original and amended complaints, another inmate, Reese Meir, attacked him in the dayroom of the Madison County jail.

¶ 5     On February 18, 2020, the plaintiff filed his original *pro se* complaint in this matter against the Madison County Sheriff's Department, Captain Eales, and Deputy Randy Young. He asserted that these three defendants were indebted to him for a "breach of security that allowed Reese Meir to attack an assault [*sic*] on Antonio R. Perkins." He alleged that the attack occurred while Meir was on administrative lockdown and that the plaintiff did not receive medical care the following day. The defendants responded with a motion to dismiss.

¶ 6     The plaintiff subsequently requested leave to file three amended complaints, which the court allowed. The third amended complaint, filed on October 8, 2021, is at issue in this appeal. There, the plaintiff named several employees of the Sheriff's Department and Reese Meir as additional defendants. He alleged that Meir was allowed out of his cell despite his status as a

disciplinary detainee (administrative lockdown) resulting from a prior assault. The plaintiff alleged that Meir assaulted him, causing puncture wounds, lacerations, a swollen jaw, and ongoing back pain. He further alleged that various Sheriff's Department employees saw that Meir was not in his cell before the attack.

¶ 7     Under the heading "Count I[,] 14th Amendment and 8th Amendment," the plaintiff argued that the Sheriff's Department and Sheriff John Lakin "implemented a custom, practice, and polic[y]" that "put [the] plaintiff in a dangerous situation by ignoring the procedures of the jail." The plaintiff alleged that the individual employees failed to perform their duties. In particular, he alleged that some of the employees failed to ensure that all inmates who were on administrative lockdown were locked in their cells. The plaintiff asserted that their inaction violated his rights under the eighth and fourteenth amendments to the United States Constitution. See U.S. Const., amends. VIII, XIV.

¶ 8     In support of his position, the plaintiff cited *Monell* for the proposition that a civil rights violation may be actionable when it results from a custom that has "not received formal approval." See *Monell*, 436 U.S. at 690-91. He did not, however, explain how his rights were violated or allege facts demonstrating a violation of his constitutional rights. In addition, while *Monell* specifically addresses claims arising under section 1983 of the Civil Rights Act of 1871 (42 U.S.C. § 1983 (2018)), the plaintiff did not cite or refer to that statute.

¶ 9     Under the headings "State Law Claims" and "Breach of Duties," the plaintiff repeated essentially the same allegations with respect to the acts and omissions of the various Sheriff's Department employees. He did not shape these allegations into any recognizable legal claim, however. Under the heading "Battery," he asserted that Meir's conduct constituted an unwanted touching. Finally, under the heading "Declaratory Judgment," the plaintiff asserted that he had a

3

tangible and cognizable legal interest to protect, and that there was an actual controversy between the parties.

¶ 10    The plaintiff concluded his third amended complaint with a prayer for relief. He requested a declaration that the acts and omissions alleged in his complaint violated his constitutional rights, compensatory and punitive damages totaling $250,000, and his litigation costs.

¶ 11    On December 20, 2021, the defendants filed a motion to dismiss the third amended complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). They argued that the complaint failed to comply with section 2-603 (*id.* § 2-603) and that the plaintiff did not allege any facts demonstrating that any of the named defendants violated his constitutional rights.

¶ 12    The trial court granted the motion to dismiss on August 23, 2022. This timely appeal followed.

¶ 13                                II. ANALYSIS

¶ 14                            A. The Plaintiff's Brief

¶ 15    On appeal, the plaintiff has filed a *pro se* four-page handwritten brief in which he (1) alleges many of the same facts concerning the incident that appeared in his complaints; (2) asserts that this court has jurisdiction over the "claim of federal and state violations described in this action"; (3) alleges that four individuals (John Lakin, Randy Young, Deputy Whitecotton, and Sgt. Baker) are all "responsible for safety and security at [the] jail"; and (4) states that he has exhausted his administrative remedies by filing numerous grievances with the Illinois Department of Corrections. He then requests that we grant him the following relief: (1) a declaratory judgment stating that various acts and omissions by Lakin, Young, Whitecotton, and Baker violated his rights under the eighth amendment and his right to due process and stating that "the physical abuse

4

allowed by the defendants" constituted an assault; (2) a compensatory damage award of $50,000; and (3) an award of punitive damages of $20,000 each against Lakin, Young, Whitecotton, and Baker.

¶ 16    Notably absent from the plaintiff's brief are citations to the record, citations to legal authority, and argument in support of his claims. Moreover, the plaintiff does not even refer to the trial court's ruling at all, let alone provide any argument that the court erred in its decision. Due to this complete failure to comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), this court has the discretion to strike the plaintiff's brief and dismiss his appeal. See *Draves v. Thomas*, 2023 IL App (5th) 220653, ¶ 16; *Freedman v. Muller*, 2015 IL App (1st) 141410, ¶ 22. However, dismissal of an appeal is a severe sanction. *Draves*, 2023 IL App (5th) 220653, ¶ 17. Moreover, while the defendants mention in a footnote in their brief that we have this authority, they do not request that we do so. We will therefore turn our attention to the merits of the trial court's ruling.

¶ 17    We first note that because, as we have just discussed, the plaintiff failed to raise any argument that the court erred, he has forfeited any such arguments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Forfeiture aside, we find that the court ruled correctly.

¶ 18                                B. Standard of Review

¶ 19    This appeal involves the dismissal of a complaint for failure to state a claim pursuant to section 2-615. In ruling on a 2-615 motion to dismiss, courts must accept all well-pled facts in the complaint as true and interpret those allegations in the light most favorable to the plaintiff. *Heinrich v. White*, 2012 IL App (2d) 110564, ¶ 9. Illinois is a fact-pleading jurisdiction. *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 29; *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 55. This means that to state a claim upon which relief can be granted, a plaintiff must

5

assert a recognized cause of action and allege facts in support of every element of that claim. *Beauchamp*, 2022 IL App (1st) 210091, ¶ 29.

¶ 20   The question before the trial court in ruling on a section 2-615 motion is whether the plaintiff's complaint contains sufficient facts to entitle him to relief. *Kucinsky*, 2020 IL App (3d) 170719, ¶ 54. We construe complaints liberally " 'with a view to doing substantial justice between the parties.' " *Id.* ¶ 56 (quoting 735 ILCS 5/2-603(c) (West 2016)). This is particularly true in the case of *pro se* complaints alleging civil rights violations. *Id.* However, a complaint must still contain sufficient factual allegations to bring its claims within cognizable causes of action. *Id.* ¶ 54. Liberal construction will not save a complaint that lacks sufficient allegations to do so. *Id.* ¶ 56. Our review of the trial court's decision is *de novo*. *Heinrich*, 2012 IL App (2d) 110564, ¶ 9.

¶ 21                                 C. Constitutional Claim

¶ 22   The first claim in the plaintiff's third amended complaint appears to be an attempt to assert a claim for a deprivation of constitutional rights pursuant to section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983 (2018)). We find that the allegations in the complaint were insufficient to state such a claim.

¶ 23   To state a section 1983 claim, a plaintiff must allege that (1) the conduct alleged to have occurred was committed by a person who was acting under the color of state law and (2) the conduct deprived the plaintiff of rights, privileges, or immunities protected by the United States Constitution or federal law. *Kucinsky*, 2020 IL App (3d) 170719, ¶ 57. The "color of law" requirement is satisfied if the defendant is a state actor or a person whose relationship with state actors is sufficiently close that a court would conclude that the defendant was engaged in state action. *Dempsey v. Johnson*, 2016 IL App (1st) 153377, ¶ 36.

6

¶ 24 Because the allegations in the complaint establish that the individual defendants in this case were governmental employees performing their official duties, they were state actors for purposes of section 1983. See *Murray v. Poani*, 2012 IL App (4th) 120059, ¶ 17. We cannot reach the same conclusion with respect to the Madison County Sheriff's Department, however.

¶ 25 Section 1983 claims are only viable against "persons." *Schlicher v. Board of Fire & Police Commissioners of Village of Westmont*, 363 Ill. App. 3d 869, 883 (2006). The *Monell* Court recognized that municipalities and other units of local government are "persons" within the meaning of the statute and may therefore be subject to section 1983 liability under certain circumstances. *Id.* (citing *Monell*, 436 U.S. at 690-91). This holding does not apply to departments of local government, such as the Madison County Sheriff's Department.

¶ 26 Moreover, even if the Sheriff's Department were a proper defendant under section 1983, the plaintiff's complaint would fail to state a claim against it because the Civil Rights Act does not provide for vicarious liability on the part of an employer for the acts of its agents. *Monell*, 436 U.S. at 691; *Schlicher*, 363 Ill. App. 3d at 883. Thus, to state a section 1983 claim against a municipality or other local governmental unit, a plaintiff must allege that (1) the alleged deprivation of rights was caused by an express policy of the defendant; (2) the defendant had a widespread practice that was so well-settled and permanent that it constituted a custom or usage with the force of law; or (3) the deprivation of rights was caused by an individual with final policy-making authority. *Dempsey*, 2016 IL App (1st) 153377, ¶ 42 (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Here, the complaint contains conclusory allegations that the Sheriff's Department had a custom and practice of violating its own express policies, thereby leading to violations of the plaintiff's rights, but it does not contain factual allegations describing

7

a widespread practice so well-settled and permanent that it had force of law. As such, the plaintiff's constitutional claim against the Sheriff's Department was properly dismissed.

¶ 27    Further, although we have found that the allegations of the complaint were sufficient to satisfy the "color of law" requirement with respect to the individual defendants, we find that the allegations were not sufficient to satisfy the second element of a section 1983 claim. That is, the complaint does not sufficiently allege that the individual defendants' conduct deprived the plaintiff of rights, privileges, or immunities protected by the constitution or federal law. See *Kucinsky*, 2020 IL App (3d) 170719, ¶ 57.

¶ 28    As stated previously, the plaintiff alleged that the defendants deprived him of his constitutional rights under both the eighth and the fourteenth amendments to the United States Constitution. To state a valid section 1983 claim for a violation of the right to due process under the fourteenth amendment, a plaintiff must allege (1) the existence of a protected life, liberty, or property interest; (2) a deprivation of that protected interest; and (3) that he was denied due process of law. *Id.* ¶ 77. Here, the plaintiff's allegations of a fourteenth amendment violation are limited to a conclusory statement asserting that the conduct described in the complaint violated the plaintiff's fourteenth amendment rights. The plaintiff does not identify a protected interest much less allege facts demonstrating a deprivation of that interest.

¶ 29    The plaintiff's claim that the defendants' failure to protect him from an attack by a fellow inmate ran afoul of the eighth amendment merits further discussion. The conditions of a prisoner's confinement are subject to the eighth amendment's prohibition of cruel and unusual punishment. *Id.* ¶ 95 (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Thus, prison officials must take steps to ensure humane conditions for prisoners. This includes taking reasonable steps to guarantee their safety. *Id.*

8

¶ 30　A prisoner asserting an eighth amendment violation based on the conditions of his confinement "must also show that [prison] officials acted deliberately indifferent to an excessive risk to the inmate's health or safety." *Id.* ¶ 96. There are two elements of such a claim. First, the plaintiff must make an objective showing of a " 'sufficiently serious' " violation in that the plaintiff was deprived of " 'the minimal civilized measure of life's necessities' " and the conditions of his confinement created an excessive risk to his health or safety. *Id.* (quoting *Farmer*, 511 U.S. at 834). Second, the plaintiff must make a subjective showing that the defendant was deliberately indifferent to the risk. *Id.*

¶ 31　The allegations in the plaintiff's third amended complaint are not sufficient to satisfy these requirements. Although he does allege that the individual defendants provided inadequate security even though they knew that Meir posed a risk due to a prior infraction, the complaint contains no allegations concerning the frequency and duration of the risk posed by the inadequate security. See *id.* ¶ 98. Moreover, the plaintiff does not allege that the defendants acted with deliberate indifference to his safety. For these reasons, we conclude that the complaint failed to state a claim for a section 1983 claim against any of the defendants for deprivations of the plaintiff's rights under either the eighth or fourteenth amendment. As such, the trial court properly dismissed the plaintiff's constitutional claim.

¶ 32　　　　　　　　　　　D. Remaining State Law Claims

¶ 33　The defendant argues that the entire complaint was properly dismissed for failure to comply with section 2-603 of the Code of Civil Procedure (735 ILCS 5/2-603 (West 2020)). We agree.

¶ 34　Section 2-603 requires pleadings to "contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply." *Id.* § 2-603(a). It also requires each claim to be pled in a separate, numbered paragraph. *Id.* § 2-603(b). The purpose of these requirements is to

provide the court and opposing parties with notice of the claims being raised. *Smith v. Heissinger*, 319 Ill. App. 3d 150, 154 (2001). Failure to comply with the requirements of section 2-603 may serve as a basis on which to dismiss the complaint. *Cable America, Inc. v. Pace Electronics, Inc.*, 396 Ill. App. 3d 15, 19 (2009). Dismissal is appropriate where the complaint fails to identify a cause of action (*id.* at 20) or is otherwise inadequate to put the opposing party on notice that the plaintiff is attempting to assert a particular cause of action (*id.* at 21-22).

¶ 35    Arguably, no cause of action is clearly identified in the plaintiff's complaint at all, including his constitutional claim. While it was possible to interpret the allegations contained under the heading "Count I[,] 14th Amendment and 8th Amendment" as an attempt to raise a section 1983 claim, it is impossible to discern what causes of action the plaintiff is attempting to raise in the remainder of his complaint. For this reason, we find that dismissal was warranted for failure to comply with section 2-603 alone. We find no error in the court's decision.

¶ 36                                III. CONCLUSION

¶ 37    For the foregoing reasons, we affirm the court's order dismissing the plaintiff's complaint.


¶ 38    Affirmed.

10