2025 IL App (2d) 240488-U
No. 2-24-0488
Order filed May 13, 2025

NOTICE: This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOEL W. TYNIS, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 24-MR-28 |
| | ) | |
| THE McHENRY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | Honorable |
| | ) | Joel D. Berg, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

ORDER

¶ 1    *Held*: (1) Sheriff's redactions of FOIA responses were consistent with the FOIA's exemptions for personal information and plans for investigation. (2) An award of fees, costs, or expenses under the FOIA was not appropriate where plaintiff did not prevail in his action to compel FOIA responses and the sheriff did not act willfully or in bad faith by relying on a supreme court rule to decline FOIA requests.

¶ 2    *Pro se* plaintiff, Joel W. Tynis, appeals a judgment dismissing his complaint (see 735 ILCS 5/2-619(a)(9) (West 2022)) against defendant, the McHenry County Sheriff's Department, under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)). We affirm.

¶ 3                                      I. BACKGROUND

¶ 4     At all pertinent times, plaintiff was an inmate at the McHenry County Jail, awaiting trial on a charge of drug-induced homicide. On February 8, 2024, he filed his "Complaint for Violation of the FOIA Government Emails." The complaint sought copies of text messages and e-mails related to his case. We summarize the complaint and its attachments.

¶ 5     Plaintiff alleged that, on January 1, 2024, he made the following requests to defendant, seeking materials associated with certain law enforcement officers:

"Any and all forms of electronic Communications Sent and/or received including but not limited to: Emails and text messages—From Any and All members of the McHenry County task for [*sic*] and/or sheriff's office, created Any and All hours of 01/06/2022, included [*sic*] but not limited to, communication regarding the dispatch and investigation to the 911 response to [a McHenry address] and the later survielance [*sic*] performed at [a Holiday Hills address], for your report #SO-22-540—with any personal information redacted and An Index of any and All records being withheld."

"[A]ny and all forms of electronic communication sent and/or received, including but not limited to: Email and text messages—from Deputy K. Wendt (SO-2142), Created during any and all hours of 01/06/2022, to be included but not limited to, communications regarding 1.) your report SO-22-2540 2.) [plaintiff] 3.) Investigations 4.) Case 22cf16 5.) Case 22cf14 6.) Evidence logs, et. cetera. With any personal information redacted— please include information of the types of search performed and an index of any and all records being withheld."

"Any and all forms of electronic Communication sent and/or received, including but not limited to: Emails and text messages—from deputy Ryan Ehardt (SO-6920)—

created during Any and All hours of 01/05/2022—through 01/07/2022, and Also 02/02/2022—through 02/03/2022, to be included but not limited to communications regarding: 1) your report #SO-22-540 2) [plaintiff] 3) warrant(s) and any application thereof 4) investigations 5) Arrests 6) probable cause—with any personal information redacted. And an index of Any and all records being withheld ***."

"Any and all forms of electronic communication Sent and/or Received including but not limited to: Emails and text messages from—Joshua Singer (SO 6653), Created during Any and All hours of 03/27/2022—through 03/29/2022, And Also 01/31/2022—through 02/02/2022, to be included but not limited to, Communications regarding 1) your report #SO-22-540 2) [plaintiff] 3) cell phone Analysis 4) warrants 5) investigations 6) case #22CF16, With any personal information redacted and an Index of Any and All records being withheld."

¶ 6 Sometime in mid-January 2024, plaintiff requested " 'a search of Sgt. Urgo, Deputy Lee, and Deputy Sosnowski, for any and all hours of 01/06/2022.' "

¶ 7 Plaintiff attached to his complaint defendant's responses from mid-to-late January 2024. Defendant responded as follows. Singer "ha[d] no text messages in relation to [plaintiff's] case or the time frames that [he was] requesting ***." However, defendant included a copy of an e-mail from Singer that met plaintiff's request. Defendant noted that it had redacted portions of the e-mail per the following exemptions in sections 7(1)(b) and (c) of the FOIA:

"(b) Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order.

***

(c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information." 5 ILCS 140/7(1)(b), (c) (West 2022).

¶ 8 As to Wendt, he "was not in possession of any text messages dating back to 2022 involving [plaintiff] and/or this case." Also, "[t]he emails that were produced during the search for [Wendt's] email address [were] not releasable" because they contained "classified information that could not be redacted, such as witness, juvenile and confidential information leading up to the search warrant that would release unique investigative techniques." The search also produced Law Enforcement Agencies Data System (LEADS) data, which "cannot be released to any individual or organization that is not legally authorized."

¶ 9 Defendant's response regarding Wendt relied on three exemptions. The first two were set forth in sections 7(1)(d)(iv) and (v) of the FOIA:

"(d) Records in the possession of any public body created in the course of administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes, but only to the extent that disclosure would:

* * *

(iv) unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to administrative, investigative, law enforcement, or penal agencies ***.

(v) disclose unique or specialized investigative techniques other than those generally used and known or disclose internal documents of correctional agencies

related to detection, observation or investigation of incidents of crime or misconduct, and disclosure would result in demonstrable harm to the agency or public body that is the recipient of the request." *Id.* § 7(1)(d)(iv), (v).

The third exemption was in section 1240.80(d) of Title 20 of the Administrative Code (20 Ill. Adm. Code, § 1240.80(d) (2017)): "LEADS data shall not be disseminated to any individual or organization that is not legally authorized to have access to the information." See 5 ILS 140/7(1)(a) (West 2022) (exempting "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law"). Defendant explained that "[t]he public is not entitled to view or possess data that is transmitted through, received through, or stored in LEADS."

¶ 10    As to Ehardt, defendant told plaintiff that Ehardt "was not in possession of any text messages dating back to 2022 involving [plaintiff] and/or this case." Defendant also noted that plaintiff requested Ehardt's e-mails relating to pending criminal cases against plaintiff. Therefore, defendant reasoned, disclosure to plaintiff was barred by Illinois Supreme Court Rule 415(c) (eff. Oct. 1, 1971), which provides that "[a]ny materials furnished to an attorney pursuant to these rules shall remain in his or her exclusive custody unless the court authorizes dissemination pursuant to this rule ***." Defendant informed plaintiff that the e-mails "need[ed] to be requested through [his] attorney."

¶ 11    As to Urgo, Lee, and Sosnowski, defendant stated that its search uncovered seven pertinent e-mails but that all were exempt as LEADS information.

¶ 12    Plaintiff's complaint sought, *inter alia*, (1) "an order by the court requiring the defendant[ ] to produce the requested records with any exempted material redacted" and (2) an award of fees,

costs, and penalties against defendant for its violations of the FOIA, which plaintiff alleged were in bad faith.

¶ 13    Defendant did not file an answer but instead moved to dismiss the complaint. Not invoking any exemptions it had cited in its responses to plaintiff's requests, defendant relied solely on section 7(1)(f) of the FOIA (5 ILCS 140/7(1)(f) (West 2022)), which exempts

"[p]reliminary drafts, notes, recommendations, memoranda, and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion of a record shall not be exempt when the record is publicly cited and identified by the head of the public body."

¶ 14    The trial court ordered defendant "to tender redacted and unredacted copies of responsive documents to [the court] for a confidential in camera inspection ***." At the hearing on the motion to dismiss, the court noted that it had reviewed defendant's responses "with a fine tooth comb." The court explained that it found defendant in full compliance with the FOIA:

"[T]here are *** differences on nearly every page that [plaintiff] received. Those differences are generally the redaction of an address or a date of birth or a phone number, all of which are properly redactable under the FOIA ***, very clearly.

The few things that are redacted under the investigative technique [*sic*] are pretty much limited to the manner in which it went forth.

I found two sentences that were removed from one paragraph. Those two sentences *** were clearly an investigative track that they were following. That is confidential.

* * *

The few things that are not contained within what they gave [plaintiff] are, as I said, generally speaking addresses, methods of communication.

There are only two or three lines of substantive information that are not contained in what [defendant] gave [plaintiff], and those lines are future investigations. And then there [is] a stack of the criminal records reports run for [plaintiff] and some other people, all of which are also protected information ***."

Accordingly, the court granted the motion to dismiss. Plaintiff filed a motion to reconsider, which the court denied. Plaintiff timely appealed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, plaintiff contends that (1) the trial court's reliance on section 7(1)(f) of the FOIA in dismissing his complaint was erroneous because that exemption does not apply to the documents at issue and (2) the trial court erred in refusing to assess fees, costs, or penalties against defendant. Defendant responds that (1) section 7(1)(f) of the FOIA exempts the redacted matter from disclosure, (2) other exemptions also protect the redacted matter, and (3) the trial court properly refused to assess fees, costs, or penalties against defendant. We hold that dismissal was proper under the alternative exemptions defendant cites, and we do not consider whether section 7(1)(f) also applies. We further hold that the court did not err in declining to assess fees, costs, or penalties against defendant.

¶ 17    Whether an exemption applies under the FOIA is a question of law, which we review *de novo*. *Garlick v. Naperville Township*, 2017 IL App (2d) 170025, ¶ 44.

¶ 18    At issue are nine e-mails and two criminal history reports. We turn first to the e-mails. The trial court examined two versions of each: original and redacted. The e-mails were sent and received as follows:

(1) January 6, 2022, at 7:47 p.m. from Ehardt to other McHenry County employees regarding the arrest and search of defendant;

(2) January 7, 2022, at 7:34 p.m. from Officer Korie Sergot to three others relating that, after arriving at the jail, defendant requested and was permitted to speak about a "deal";

(3) January 7, 2022, at 9:49 p.m. from a McHenry County employee to Ehardt and Urgo stating that defendant "would like to talk";

(4) February 1, 2022, at 7:19 p.m., from Ehardt to Singer recounting Ehardt's investigation of a drug deal that occurred on January 5 and 6, 2022;

(5) Singer's response to Ehardt on February 3, 2022, at 6:54 a.m.;

(6) February 2, 2022, at 9:59 a.m. from a McHenry County employee to Ehardt reminding him of three upcoming grand jury sessions—one in defendant's case and two in apparently unrelated cases;

(7) February 3, 2022, at 12:49 p.m., from Ehardt to Sosnowski requesting the submission of evidence for testing;

(8) Sosnowski's response to Ehardt at 12:53 p.m. that day; and

(9) Ehardt's reply to Sosnowski at 1:01 p.m. that day.

Although plaintiff requested texts and e-mails to and from Wendt, none appear in the record.

¶ 19    E-mail addresses were redacted from all the e-mails. Those redactions were within section 7(1)(b) of the FOIA (5 ILCS 140/7(1)(b) (West 2022)), which exempts private information. See *Heinrich v. White*, 2012 IL App (2d) 110564, ¶ 14. Only e-mails (4) and (6) had additional redactions. Defendant redacted from e-mail (6) the name of the sender and the names of two cases that had no connection to defendant; thus, that redacted material was outside the scope of his request. From e-mail (4), defendant redacted (a) the address and phone number of the victim and (b) Ehardt's plan for further investigating the case. Redaction (a) was proper because the material was private information. See *id.* Redaction (b) was within section 7(1)(d)(i) of the FOIA (*id.*

§ 7(1)(d)(i)), which exempts law enforcement agency records, the disclosure of which would "interfere with pending or actually and reasonably contemplated law enforcement proceedings."

¶ 20    We turn to the criminal history reports for plaintiff and his roommate. Each consisted of (1) personal information, *e.g.*, date of birth, address, height, weight, and appearance, driver's license and vehicles, and employment history; and (2) LEADS information detailing the person's arrest record and criminal charges. The trial court upheld defendant's refusal to provide either of these documents, as their contents fell under the exemptions for private information (§ 7(1)(b)) and LEADS information (see 20 Ill. Adm. Code, § 1240.80(d) (2017) (prohibiting dissemination of LEADS information to those not legally authorized to receive it); 5 ILCS 140/7(1)(a) (West 2022) (exempting "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law")).

¶ 21    We conclude that the trial court did not err in dismissing plaintiff's complaint after finding that defendant had complied with the FOIA.

¶ 22    We turn to plaintiff's contention that the trial court erred in declining to assess fees, costs, or penalties against defendant under sections 11(i) and (j) of the FOIA (*id.* § 11 (i), (j)). Section 11(i) states: "If a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs." No award is appropriate under this provision, as plaintiff did not prevail in this proceeding; the court granted him no additional disclosures beyond what defendant had already provided. *Id.* § 11 (i).

¶ 23    Section 11(j) provides that the court shall impose a civil penalty where the public body "willfully and intentionally failed to comply" with the FOIA or "otherwise acted in bad faith." *Id.* § 11(j). Plaintiff contends that penalties were warranted because defendant willfully violated the

FOIA by initially claiming that disclosure of the requested materials was barred by Rule 415(c), which provides that "[a]ny materials furnished to an attorney pursuant to these rules shall remain in his or her exclusive custody unless the court authorizes dissemination pursuant to this rule ***." Ill. S. Ct. R. 415(c) (eff. Oct. 1, 1971). According to plaintiff, at the time defendant invoked Rule 415(c), the requested materials had already been ordered to be disclosed as discovery in plaintiff's criminal cases. However, that discovery order is not in the record *in this appeal*, as plaintiff concedes. We may not consider evidence outside the record. See *Paluch v. United Parcel Service, Inc.*, 2014 IL App (1st) 130621, ¶ 23. Moreover, we have no basis to conclude that defendant *knew* that reliance on Rule 415(c) was baseless or otherwise acted in bad faith. We also note that defendant did not violate the FOIA by raising an arguably applicable exemption that it did not invoke originally. See *Kopchar v. City of Chicago*, 395 Ill. App. 3d 762, 769-70 (2009).

¶ 24                                    III. CONCLUSION

¶ 25     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 26     Affirmed.