2022 IL App (1st) 201262-U

FIFTH DIVISION
January 21, 2022

No. 1-20-1262

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHICAGO SUN-TIMES, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19 CH 10513 |
| | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | Honorable Sanjay Tailor, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham in the judgment.

**ORDER**

¶ 1     ***Held***: In this Freedom of Information Act case, the circuit court erred when it granted summary judgment in favor of the plaintiff and ordered the defendant to release the records in full, because an *in camera* review of the documents was necessary to determine which, if any, were protected from disclosure under a prior court order. Reversed and remanded with instructions.

¶ 2     The defendant, Chicago Police Department (CPD), appeals an order of the circuit court of

Cook County which required it to turn over certain records to the plaintiff, Chicago Sun-Times,

under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)). We find that the circuit court erred by granting summary judgment to the Sun-Times before first conducting an *in camera* review of the requested documents to determine which, if any, were protected from disclosure by a prior court order. We reverse and remand for further proceedings with instructions.

¶ 3                                    BACKGROUND

¶ 4      This case had its genesis in 2004, when Richard Vanecko, a nephew of then-Mayor Richard M. Daley of Chicago, assaulted David Koschman on Division Street in Chicago. Koschman fell backwards, struck his head, and eventually died from his injuries. A special prosecutor was appointed to supervise the investigation and eventual prosecution of Vanecko, and a grand jury was empaneled. The case generated considerable interest by news media outlets and a host of FOIA requests for governmental records relating to the investigation. In earlier litigation, our supreme court held that the Better Government Association could not obtain materials generated in course of the special prosecutor's grand jury investigation of the assault under FOIA, and that the City of Chicago did not improperly withhold requested records under FOIA, because they were subject to protective orders issued in 2012 and 2014 by the court overseeing the grand jury. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 12. These orders are still in force.

¶ 5      On February 21, 2019, after the supreme court issued its opinion in *Special Prosecutor*, the Sun-Times submitted a terse, but broad, new FOIA request to CPD, seeking "all records [the Police Department] has regarding the death of David Koschman." On June 14, 2019, well beyond both the original five-day period under FOIA for responding and the additional five-day extension it invoked, CPD denied the request, stating that it had already provided the Sun-Times with "all available non-exempt records responsive to [the] request" in its answers to 18 previous Sun-Times FOIA requests, which were specified by their file numbers. Shortly thereafter, however, on July

25, CPD sent the Sun-Times a "supplemental response" in which it produced 73 pages of additional records which had been withheld in response to an earlier Sun-Times FOIA request, but which CPD was now releasing with redactions.

¶ 6    The Sun-Times asked the office of the Attorney General's Public Access Counselor (PAC) to review CPD's denial of its request. The PAC directed CPD to explain its withholding of the records. CPD responded, asserting that because the grand jury protective order prohibited disclosure of the records it withheld, it was not required to produce them under FOIA. See *Special Prosecutor*, 2019 IL 122949, ¶ 29. In its response to the PAC, CPD also stated that the records were exempt from disclosure under section 7(1)(a) of FOIA.[1] The PAC did not take any further action regarding the Sun-Times' request.

¶ 7    On September 11, 2019, the Sun-Times filed this lawsuit in the circuit court of Cook County. The complaint is unusually pleaded in that although it contains a set of allegations common to all counts, its splits the Sun-Times' single claim for CPD's violation of FOIA into three separate counts. Each count is but a few lines long, and no count contains its own prayer for relief. Count I is entitled "Failure to Produce Records" and alleges that the requested records were non-exempt and that CPD violated FOIA by not producing them. Count II, entitled "Failure to

---

[1]    Section 7(1)(a) of FOIA (5 ILCS 140/7(1)(a) (West 2018)) exempts "[i]nformation specifically prohibited from disclosure by federal or State law" from disclosure under FOIA. Both parties have mischaracterized the holding of *Special Prosecutor* court by framing the issue of whether the grand jury protective orders shield documents from disclosure under a section 7(1)(a) rubric. The *Special Prosecutor* court did *not* rely on section 7(1)(a) as a basis to not hold that the grand jury records subject to the protective order were exempt from disclosure. Instead, it held that "out of respect for the judicial process," a public body was required to obey a court order prohibiting disclosure of records, notwithstanding any contrary command of FOIA. See *id.* ¶ 68. Even so, the issue of a section 7(1)(a) exemption remains relevant as to whether any records might additionally be shielded from disclosure under section 112-6 of the Code of Criminal Procedure of 1963 (725 ILCS 5/112-6 (West 2018)).

Perform an Adequate Search," states that CPD has a burden under FOIA to demonstrate why the requested records are exempt from disclosure and that CPD "has failed to come forward with sufficient evidence to carry this burden." Count III, entitled "Willful and Intentional Violation of FOIA," simply alleges that the requested records are non-exempt and that CPD willfully violated FOIA by not producing them. The common prayer for relief for all three counts requests that the court declare that the records are non-exempt, declare that CPD violated FOIA by not releasing them, enjoin CPD from withholding them, and award attorney fees and costs.

¶ 8 CPD answered the complaint, generally denying the key allegation that it improperly withheld records, and raising a pleading issue which it improperly characterized as an "affirmative defense"—that the complaint did not actually allege that the Sun-Times was denied access to the records. It did not assert any affirmative defense that the records were protected from disclosure by a court order—either the protective order at issue in *Special Prosecutor* or the later protective order, discussed below, stemming from the City of Chicago's office of Inspector General (OIG) investigation—or by any specific FOIA exemption. It also did not assert any affirmative defense that: (1) the Sun-Times' request was unduly burdensome under section 3(d) of FOIA; (2) the request was duplicative of prior requests; or (3) that the case was moot. However, the complaint and answer did frequently reference the *Special Prosecutor* protective order. Additionally, during an argument on a motion, the circuit court specifically asked counsel for the Sun-Times if he "concede[d]" that CPD "had raised a [section] 7(1)(a) exemption," and counsel responded in the affirmative.

¶ 9 The Sun-Times then filed what it captioned as a motion "for partial summary judgment and for FOIA Section 11(e) Index." The motion turned the tables on CPD, taking the position that in response to the motion, CPD would be required to produce clear and convincing evidence that

all of the withheld records were exempt from disclosure. The first section of the motion—the motion for partial summary judgment—claimed that "[b]ecause [the] Sun-Times is under no obligation to disprove [CPD's] allegations, Sun-Times will address [CPD's] evidence and arguments once they are provided in response to this motion." The motion was not supported by any affidavit and included only one exhibit: a copy of the cover letter to CPD's July 25, 2019 supplemental response to the Sun-Times. At oral argument, counsel for the Sun-Times explained that it labeled the motion as one for "partial" summary judgment because it only sought an order releasing the records and did not seek an award of attorney fees or costs under section 11(i) of FOIA (5 ILCS 140/11(i) (West 2018)).

¶ 10    The motion also contained a second section, in which the Sun-Times sought an index to the withheld records pursuant to section 11(e) of FOIA (5 ILCS 140/11(e) (West 2018)). This section of the motion specifically quoted section 11(e) of FOIA, which provides that on motion of a FOIA plaintiff, before or after an *in camera* inspection of the withheld records, the court can order the public body to provide an index to the withheld records, including a description of the nature or contents of each document withheld, and a statement of the FOIA exemptions claimed for each withheld document.

¶ 11    In response, CPD filed a single pleading which functioned both as its response to the Sun-Times' motion and its own cross-motion for (full, not partial) summary judgment. CPD argued that the case was moot because it had provided the Sun-Times—in response to 22 prior requests over the course of 9 years—with all the records responsive to the request, less those held to be exempt in *Special Prosecutor*. CPD also argued that it was "not clear" on what the Sun-Times was seeking in light of the 22 prior productions, and that the Sun-Times was not entitled to an index of withheld records because there was a "lack of clarity" as to what the Sun-Times sought. CPD's

motion was supported by the affidavit of the commanding officer of its FOIA unit, stating *inter alia* that CPD gave the Sun-Times the supplemental records on July 25, 2019 "in an abundance of caution" because it was uncertain whether those particular records had been provided in response to one of the Sun-Times' earlier requests. It also claimed that complying with the request would be unduly burdensome under section 3(d) of FOIA (5 ILCS 140/3(d) (West 2018)).

¶ 12    In reply, the Sun-Times argued that CPD had not met its burden to show that the records were non-exempt. In particular, it stated that it "crafted" its request in compliance with the grand jury protective order, in that it did not even mention grand jury records, and the "records [were] requested in a way that does not identify them as connected to the grand jury." The Sun-Times also asserted that, under section 3(d) of FOIA (5 ILCS 140/3(d) (West 2018)), CPD had forfeited any argument that complying with the request would be unduly burdensome, because it failed to respond to the request in a timely manner in the first instance. The Sun-Times reiterated its request for an index to the withheld records, arguing that such an index would "help[ ] the court[ ] reach a proper conclusion on whether the government is improperly withholding records" and that "[t]his is the exact type of case where an index would be the most helpful." The Sun-Times' reply was also supported by an affidavit of its reporter stating that he wrote the FOIA request in accordance with the grand jury protective order, that CPD admitted in its cross-motion that it possessed more records which it had not produced, and that an index would enable him to have a "full understanding of what is still missing."

¶ 13    In further reply, CPD stated it was still confused regarding what the Sun-Times was seeking, and that it need not provide an index because it had already provided an "abundance" of records, and that it "did not know what additional records" it was being asked to provide except those held to be non-disclosable under *Special Prosecutor.* It also asserted that the FOIA request

was improperly seeking records which would enable the Sun-Times to reverse engineer what occurred before the grand jury.

¶ 14    On June 11, 2020, the circuit court issued an order on the cross-motions. The court found that: (1) providing an index to the withheld records was mandatory under the facts presented; (2) the FOIA request "clearly identifies the records it seeks"; and (3) that the record suggested that there could be additional records not disclosed, as exhibited by the 73 pages CPD provided in its supplemental response. Accordingly, the court ordered CPD to produce an index in 21 days, including therein a column, indicating whether CPD previously provided any withheld or redacted records to the Sun-Times in response to one of its earlier requests. Further, the court set a briefing schedule to commence 21 days after CPD provided the index, under which the Sun-Times was "ordered" to file a sur-reply addressing CPD's "new argument" that providing certain records would enable it to reverse engineer what occurred before the grand jury, after which CPD was allowed to file a sur-reply brief of its own. The court also found that while CPD claimed that the Sun-Times' FOIA request was repetitive and burdensome, it was not clear what specific FOIA exemption it was invoking in that respect. If it was making such an assertion, then CPD was ordered to expressly state what exemption it was relying on. The court did not set a deadline or format for CPD to make that disclosure. The June 11 order did not state that the court was granting or denying any particular motion then pending before it.

¶ 15    CPD then moved for an extension of time to prepare the index and asked the circuit court to inspect a portion of the index *in camera.* Explaining its *in camera* inspection request, CPD indicated that "even to list" the descriptions of the documents in the index would violate the grand jury protective order. CPD also asserted, for the first time, that the judge supervising the grand jury had issued an *additional* protective order in 2015, under seal, "specifically prohibiting the

release of certain specifically enumerated documents gathered as part" of an internal OIG investigation. CPD asserted the OIG protective order as an additional reason for requesting to submit portions of the index *in camera*, citing *Special Prosecutor* in support of its position. Because this protective order was itself under seal, CPD did not provide a copy of it as an exhibit to its reply, but merely asserted that it existed. At oral argument, counsel for CPD asserted that it gave a copy of the sealed OIG order to the circuit court under seal for its *in camera* review, but the record before this court contains no indication of that transmission.

¶ 16    During briefing on the motion for extension of time, the Sun-Times again requested that the circuit court "first rule" on whether the records were exempt under section 7(1)(a) of FOIA (5 ILCS 140/7(1)(a) (West 2018)), which exempts disclosure of "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law."

¶ 17    On August 28, 2020, the circuit court held a hearing by videoconferencing software. There was considerable discussion regarding whether CPD had forfeited its argument that the records, or an index thereto, were prohibited from disclosure on the basis of the grand jury protective orders because it had failed to plead it as an affirmative defense. The court stated that even assuming that CPD had not forfeited that defense, it was without merit because the FOIA request in question "does not make any mention of the Grand Jury." The court further stated that "[b]ecause the City has not met its burden to show that Section 7(1)(a) exempts the records sought in the Plaintiff's FOIA request, the requirement of an index is now moot." Accordingly, the court entered an order stating:

"1. Plaintiff's Motion for Partial Summary Judgment is hereby granted.

2. Defendant's cross-motion for summary judgment is hereby denied.

3. Defendant shall produce the requested records to Plaintiff on or before September 28, 2020.

4. Case continued for status on compliance for October 7, 2020 at 9:30 a.m."

¶ 18    CPD moved to reconsider that order. On October 5, the circuit court denied that motion without further briefing "for the same reasons stated on the record on August 28, 2020" and ordered CPD to produce the requested records to the Sun-Times by October 26, 2020. CPD then moved for a finding there was no just cause to delay enforcement or appeal of the August 28, 2020 order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), so as to make that order immediately appealable. On October 27, the court granted that motion, making the appropriate finding, and stayed production of documents pending appeal. This timely appeal followed.

¶ 19                                    ANALYSIS

¶ 20    On appeal, CPD argues that the circuit court erred in ordering it to release documents responsive to the Sun-Times' FOIA request because: (1) the court did so without first reviewing the documents *in camera* to determine whether any were subject to the grand jury protective orders; and (2) even if CPD had forfeited its ability to invoke any FOIA exemptions by not filing appropriate affirmative defenses, the result reached below is untenable because it would still place CPD in the position of complying with one court order by violating a second court order.

¶ 21    Before addressing the merits, we pause to examine our jurisdiction in light of the unusual procedural posture in which this case reaches us. We have an obligation to review our jurisdiction on our own even if no party raises the issue. *In re Marriage of Baumgartner*, 2014 IL App (1st) 120552, ¶ 33.

¶ 22    As noted above, the Sun-Times filed a joint motion for partial summary judgment and for a FOIA index. The Sun-Times characterized its motion as being one for "partial" summary

judgment because it did not address its claim for an award of attorney fees and costs, preferring to defer that claim until the circuit court determined that it was actually entitled to production of certain records. See 5 ILCS 140/11(i) (West 2018) (providing that the court shall award attorney fees and costs to a requestor who "prevails" in a FOIA lawsuit, and in determining the amount, considering "the degree to which the relief obtained relates to the relief sought").

¶ 23    A circuit court may make a Rule 304(a) finding in cases involving multiple claims or parties: "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the [circuit] court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. Sup. Ct. R. 304(a) (eff. Mar. 8, 2016). Here, the fact that the Sun-Times pleaded its single FOIA claim in three separate counts does not matter. See *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 26 ("these counts merely advanced different analytical approaches for determining how the home or its proceeds should be allocated between the parties. They were, in effect, different iterations of the very same claim."). Although the circuit court did not address the Sun-Times' claim for attorney fees and costs under FOIA, the court did make an appropriate finding under Rule 304(a) which renders the order granting partial summary judgment appealable. See *Hamer v. Lentz*, 155 Ill. App. 3d 692, 695 (1987) (order requiring release of documents under FOIA was not appealable because a FOIA attorney fee and cost request was a "claim" which rendered a disclosure order non-appealable without a Rule 304(a) finding). Therefore, we have jurisdiction under Rule 304(a). Ill. Sup. Ct. R. 304(a) (eff. Mar. 8, 2016). We also have jurisdiction under Rule 307(a)(1), as the order commanding CPD to turn over the records to the Sun-Times under FOIA was functionally an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017).

¶ 24    Having found jurisdiction, we next address the merits of this appeal. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). Summary judgment is a drastic measure and should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.,* 154 Ill. 2d 90, 102 (1992). Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Id.* We review a trial court's entry of summary judgment *de novo. Id.*

¶ 25    Under FOIA, public records are presumed to be open and accessible. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 462-63 (2003) (citing *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407 (1997)). In a normal civil case, the plaintiff has the burden of proof. *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 354 (1992). FOIA cases are an exception to that general rule. In a FOIA case, the defendant public body "has the burden of proving by clear and convincing evidence that [the records are] exempt." 5 ILCS 140/1.2 (West 2018). To meet that high burden, it must " 'provide a *detailed* justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing.' " (Emphasis in original.) *Illinois Education Ass'n*, 204 Ill. 2d at 464 (quoting *Baudin v. City of Crystal Lake*, 192 Ill. App. 3d 530, 537 (1989)). Likewise, as in any other civil lawsuit, the public body must answer and plead correctly as required by the Illinois Code of Civil Procedure and the Supreme Court Rules, and present evidence to support its defenses, lest its defenses be forfeited.

¶ 26 It appears that the circuit court granted summary judgment to the Sun-Times and ordered the release of the records in full based largely, but not completely, on CPD's procedural missteps in failing to plead any relevant affirmative defenses. Among other things, a public body claiming that it withheld records properly because of an applicable FOIA exemption should always plead the exemption as an affirmative defense. *Harwood v. McDonough*, 344 Ill. App. 3d 242, 246, n.1 (2003) ("We conclude that the exemptions contained in section 7 [of FOIA] constitute affirmative defenses which the defendant has the burden of pleading and proving.").

¶ 27 The Sun-Times' argument that CPD forfeited its ability to assert FOIA exemptions is compelling. Forfeiture, is, however, a limitation on the parties and not on this court, and this court may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent. *Wilson v. Humana Hospital*, 399 Ill. App. 3d 751, 757 (2010).

¶ 28 In a garden-variety FOIA case, we might be inclined to honor CPD's forfeiture. Because this case involves the secrecy of a grand jury and an order issued by a sister court, we decline to find forfeiture here. In *Special Prosecutor*, our supreme court held that many of the records at issue here were protected from disclosure "out of respect for the judicial process." See *id*. ¶ 68. The circuit court's order, if affirmed, would put the police department in the Catch-22 situation of having to decide which of two conflicting court orders to obey and which to flout under pain of contempt. Nothing in FOIA requires the judicial system to put anyone in that position. We therefore decline to find forfeiture as to CPD's claimed exemptions under section 7(1)(a) (protected under a federal or State law) and the doctrine of *Special Prosecutor*. We do, however, honor its forfeitures as to its claimed exemption under section 3(g) (5 ILCS 140/3(d) (West 2018) ("A public body that fails to respond to a request received may not treat the request as unduly

burdensome under subsection (g)"). We also honor its forfeiture as to its argument that the request is repetitive.

¶ 29    In granting summary judgment to the Sun-Times, the circuit court bypassed the statutory process outlined in FOIA for an *in camera* review of public records claimed to be exempt from disclosure. Section 11(f) of FOIA provides in pertinent part:

> "In any action considered by the court, the court shall consider the matter *de novo*, and *shall* conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act." (Emphasis added.) 5 ILCS 140/11(f) (West 2018).

¶ 30    Our supreme court has found that *in camera* review is the most effective way for a public body to objectively show that a claimed exemption applies. *Illinois Education Ass'n*, 204 Ill. 2d at 471. Relying on the "as it finds appropriate" clause in the above-quoted statute, the Sun-Times argues that a court retains full discretion to conduct, or not conduct, an *in camera* inspection depending on the facts of the case. We do not quarrel with that statement of the law. For example, "the circuit court need not conduct an *in camera* review where the public body meets its burden of showing that the statutory exemption applies by means of affidavits." *Id.* at 469. However, the same court noted that an *in camera* review is necessary if the public body's claimed exemptions are "sweeping," as they are here. *Id.* Given the nature of the records at issue here, and the uncertain applicability of the grand jury protective order, the circuit court should have conducted an *in camera* review of the documents before ordering their wholesale release. We therefore reverse the circuit court's order granting the Sun-Times' motion for partial summary judgment and ordering CPD to release the records to the Sun-Times, and remand for further proceedings.

¶ 31    With respect to the remand, we note the following. Section 11(e) of FOIA contains an indexing requirement that is interrelated with the *in camera* review requirement. It provides:

"On motion of the plaintiff, prior to or after *in camera* inspection, the court shall order the public body to provide an index of the records to which access has been denied. The index shall include the following:

(i) A description of the nature or contents of each document withheld, or each deletion from a released document, provided, however, that the public body shall not be required to disclose the information which it asserts is exempt; and

(ii) A statement of the exemption or exemptions claimed for each such deletion or withheld document." 5 ILCS 140/11(e) (West 2018).

The Sun-Times moved for an order requiring CPD to provide a section 11(e) index. The circuit court granted that motion, but the issue fell by the wayside when the court ordered the release of the records in full.

¶ 32    We also note that section 11(h) of FOIA requires that this case be expedited. The law states:

"Except as to causes the court considers to be of greater importance, proceedings arising under this Section shall take precedence on the docket over all other causes and be assigned for hearing and trial at the earliest practicable date and expedited in every way." 5 ILCS 140/11(h) (West 2018).

To expedite proceedings on remand, we direct the circuit court to punctiliously follow the process outlined in the FOIA statute by requiring CPD to prepare a section 11(e) index and all documents responsive to the Sun-Times' request for *in camera* review by a prompt date certain. The index shall contain notations indicating as to each document, whether CPD has already given it to the Sun-Times, and if so, under what CPD FOIA request docket number it was provided. CPD shall

also prepare a redacted index and provide it to the Sun-Times, omitting only such information as it believes is protected from disclosure under one of the grand jury protective orders, specifying as to each redaction which protective order governs. The circuit court shall review the unredacted index and the documents to determine: (1) which documents CPD has already provided to the Sun-Times; and (2) which documents CPD cannot release because of any of the grand jury protective orders. We authorize the circuit court to receive a copy of the OIG protective order which is under seal.

¶ 33                                    CONCLUSION

¶ 34     We reverse the order granting summary judgment to the Sun-Times and remand for further proceedings consistent with this order and the instructions therein.

¶ 35     Reversed and remanded with instructions.